**IN THE DISTRICT COURT OF THE VIRGIN ISLANDS**

**DIVISION OF ST. THOMAS AND ST. JOHN**

|  |  |
|---|---|
| **UNITED PROPERTY, INC.,**<br><br>**PLAINTIFF,**<br><br>VS.<br><br>**ROYALSTAR ASSURANCE LTD.,**<br><br>**DEFENDANT.** | **CASE NO. 3:26-CV-19** |

**NOTICE OF REMOVAL**

Defendant RoyalStar Assurance Ltd. ("RoyalStar" or "Defendant") removes this civil action from the Superior Court of the Virgin Islands, Division of St. Thomas/St. John, to the United States District Court of the Virgin Islands, Division of St. Thomas and St. John, and states:

1. This action was commenced in the Superior Court of the Virgin Islands, Division of St. Thomas/St. John, by the filing of a Complaint on January 13, 2026 , styled United Property, Inc. v. RoyalStar Assurance, Ltd., and assigned Superior Court Case No. ST-2026-CV-00156 .

2. The Complaint alleges causes of action for breach of contract, bad faith, and breach of the duty of good faith and fair dealing, arising out of an insurance claim under Policy No. C/44/FI/22/0177 issued to United Property, Inc., relating to alleged windstorm damage occurring on September 17, 2022 to property located at 25 Dronningens Gade/Main Street, St. Thomas, Virgin Islands 00802.

3. Removal is timely under 28 U.S.C. § 1446(b) because Defendant was served with process on April 13, 2026, and this Notice is filed within 30 days thereafter.

4. This Court has original jurisdiction under 28 U.S.C. § 1332(a)(2) because there is complete diversity between the parties and the amount in controversy exceeds $75,000, exclusive of interest and costs.

   a. Plaintiff United Property, Inc. alleges it is a domestic corporation organized

under the laws of the U.S. Virgin Islands and the owner of the subject property located in St. Thomas, U.S. Virgin Islands. Plaintiff is alleged to be a domestic for-profit corporation organized under the laws of the U.S. Virgin Islands and owner of 25 Dronningens Gade/Main Street, St. Thomas, Virgin Islands 00802.

b. Because United Property is a dissolved corporation, it is deemed to not have a principal place of business and as a matter of law is a citizen of its state of incorporation only. *Midlantic Nat. Bank v. Hansen*, 48 F.3d 693, 696 (3d Cir. 1995); *Grand Union Supermarkets of the Virgin Islands, Inc. v. H.E. Lockhart Mgmt., Inc.*, 316 F.3d 408, 410 (3d Cir. 2003)

c. Defendant RoyalStar Assurance, Ltd. is alleged to be (and is) organized under the laws of the Commonwealth of The Bahamas with its principal place of business in Nassau, Bahamas, and is thus a citizen or subject of a foreign state. RoyalStar Assurance, Ltd. is organized under the laws of the Commonwealth of The Bahamas with its principal place of business at Mareva House, 4 George Street, Nassau, Bahamas.

d. The amount in controversy requirement is satisfied because the Complaint seeks contractual and extra-contractual damages in connection with a claimed covered windstorm loss under a policy with stated limits on building coverage of $414,375, subject to a 5% windstorm deductible of $20,718.75, and contents coverage of $150,000, and also demands consequential and punitive damages, attorney's fees, interest, and other relief. Exhibit B to the Complaint includes photographs and descriptions of the claimed damage that include damage to the roof membrane of a commercial building with significant damage to the interior ceilings and inventory that easily exceeds $75,000 even though none of the damage is covered under the RoyalStar insurance policy. The Complaint prays for compensatory, consequential, and punitive damages, as well as attorneys' fees, costs, and interest .

5. Venue is proper in the District of the Virgin Islands, Division of St. Thomas and St. John, because the Superior Court action is pending in the Division of St. Thomas/St. John and the property and events at issue are located in St. Thomas. Venue in the Superior Court is alleged based on the property at issue being located in the Division of St. Thomas/St. John and the actions giving rise to the suit occurring in that Division.

6. Pursuant to 28 U.S.C. § 1446(a), copies of all process, pleadings, and orders served upon Defendant in the state court action are attached hereto as Exhibit A (Service), and Exhibit B (Complaint with exhibits). The Complaint filed January 13, 2026, bears the Superior Court file stamp and case number ST-2026-CV-00156 .

7. Written notice of the filing of this Notice of Removal will be given to Plaintiff's counsel and a copy will be filed with the Clerk of the Superior Court of the Virgin Islands, Division of St. Thomas/St. John, as required by 28 U.S.C. § 1446(d).

WHEREFORE, Defendant RoyalStar Assurance, Ltd. respectfully requests that this action proceed in this Court as a civil action properly removed from the Superior Court of the Virgin Islands.

Respectfully submitted,

**ANDREW C. SIMPSON, P.C.,**
Counsel for RoyalStar Assurance Ltd.

Dated: April 27, 2026

By:  Andrew C. Simpson
VI Bar No. 451
ANDREW C. SIMPSON, P.C.
2191 Church Street, Suite 5
Christiansted, VI 00820
Tel: 340.719.3900
asimpson@coralbrief.com

3