**Jurisdictional Survey: Availability of Punitive Damages for Breach of Contract**
*Controlling Standard: Independent Tort Required vs. Egregious Conduct Sufficient*
*50 States, D.C., and Territories (Excludes U.S. Virgin Islands)*

| Jurisdiction | Standard | Primary Authority | Notes |
|---|---|---|---|
| **Alabama** | Majority (statutory) | Ala. Code § 6-11-20(a) (2024). | Statute expressly limits PDs to "tort action[s]." |
| **Alaska** | Majority | Galipeau v. Bixby, 476 P.3d 1129, 1139 (Alaska 2020) | No PDs without independent tort. |
| **Arizona** | Majority | Rhue v. Dawson, 841 P.2d 215, 227 (Az. App. 1992) | PDs for contract breach not generally awardable; exceptions recognized for "fraud and deliberate, overt, dishonest dealings." |
| **Arkansas** | Majority | L.L. Cole & Son, Inc. v. Hickman, 665 S.W.2d 278, 280 (Ark. 1984) | Plaintiff who cannot plead viable tort cannot recover PDs. |
| **California** | Majority (statutory) | Cal. Civ. Code § 3294(a) (West 2024) | PDs only for breach of obligation "not arising from contract." |
| **Colorado** | Majority (statutory) | Mortgage Fin., Inc. v. Podleski, 742 P.2d 900, 903 (Colo. 1987) interpreting Colo. Rev. Stat. Ann. § 13-21-102 (West 2024) | PDs not recoverable for breach of contract without independent tort. |
| **Connecticut** | Majority | McCarter & English, LLP v. Jarrow Formulas, Inc., 329 A.3d 898, 911 (Conn. 2025) | Surveyed US jurisdictions and adopted majority rule requiring independent tort. |
| **D.C.** | Majority | Den v. Den, 222 A.2d 647, 648 (D.C. 1966) | General rule bars PDs for breach of contract except under "narrowly defined circumstances, where a breach of contract merges with, and assumes the character of, a wilful tort |
| **Delaware** | Majority | Bhole, Inc. v. Shore Invs., Inc., 67 A.3d 444, 454 (Del. 2013) | Independent tort required. |

**Exhibit A**

| Jurisdiction | Standard | Primary Authority | Notes |
|---|---|---|---|
| **Florida** | Majority | S. Bell Tel. & Tel. Co. v. Hanft, 436 So. 2d 40, 42 (Fla. 1983) | Independent tort required plus heightened misconduct standard (willful, wanton, malicious, or outrageous). |
| **Georgia** | Majority | Walia v. Walia, 847 S.E.2d 8, 12 (Ga. App. 2020) | PDs not recoverable for breach of contract even if breach is in bad faith. |
| **Guam** | | | No jurisprudence. |
| **Hawaii** | Majority (statutory) | Haw. Rev. Stat. § 663-1.2 (2024) | By statute, no PDs without independent tort. |
| **Idaho** | **Minority** | Thurston Enters., Inc. v. Safeguard Bus. Sys., Inc., 435 P.3d 489, 505 (Idaho 2019) | "It is well established that punitive damages are unavailable in routine, ordinary breach of contract cases" but recognizes "where the breaking of a promise may be an extreme deviation from standards of reasonable conduct, and, when done with knowledge of its likely effects" punitive damages may be available. |
| **Illinois** | Majority | Morrow v. L.A. Goldschmidt Assocs., Inc., 492 N.E.2d 181, 185 (Ill. 1986) | No PDs for breach of contract even if "willful and wanton." |
| **Indiana** | Majority | Miller Brewing Co. v. Best Beers of Bloomington, Inc., 608 N.E.2d 975, 981-83 (Ind. 1993) | . |
| **Iowa** | Majority | West v. Jayne, 484 N.W.2d 186, 192 (Iowa 1992) | No PDs, even for intentional breach. |
| **Kansas** | Majority | Temmen v. Kent-Brown Chevrolet Co., 227 Kan. 45, 51, 605 P.2d 95, 100 (1980) | No PDs in absence of independent tort |
| **Kentucky** | Majority (statutory bar) | Ky. Rev. Stat. Ann. § 411.184(4) (West 2024) | Statute expressly provides: "In no case shall punitive damages be awarded for breach of contract." |

**Exhibit A**

| Jurisdiction | Standard | Primary Authority | Notes |
|---|---|---|---|
| **Louisiana** | Majority | Int'l Harvester Credit Corp. v. Seale, 518 So. 2d 1039, 1042 (La. 1988) | Civil law jurisdiction; PDs unavailable absent express statutory authorization. |
| **Maine** | Majority | Drinkwater v. Patten Realty Corp., 563 A.2d 772, 776 (Me. 1989) | PDs unavailable "[n]o matter how egregious the breach." |
| **Maryland** | Majority | Owens-Illinois, Inc. v. Zenobia, 325 Md. 420, 461, 601 A.2d 633, 653 n.22 (1992) | |
| **Massachusetts** | Majority | Int'l Fidelity Ins. Co. v. Wilson, 443 N.E.2d 1308, 1317 n.20 (Mass. 1983) | PDs available only by statute; not allowable at common law. |
| **Michigan** | Majority | Kewin v. Mass. Mut. Life Ins. Co., 295 N.W.2d 50, 55 (Mich. 1980) | Independent tort required for commercial contracts. |
| **Minnesota** | Majority | Barr/Nelson, Inc. v. Tonto's, Inc., 336 N.W.2d 46, 52 (Minn. 1983) | Independent tort required. |
| **Mississippi** | Majority | Dynasteel Corp. v. Aztec Indus., Inc., 611 So. 2d 977, 985 (Miss. 1992) | Requires conduct amounting to independent tort. |
| **Missouri** | Majority | *Peterson v. Cont'l Boiler Works, Inc.*, 783 S.W.2d 896, 902 (Mo. banc 1990) | |
| **Montana** | Majority (statutory bar) | Mont. Code Ann. § 27-1-220(2)(a) (2024) | |
| **Nebraska** | Stricter than Majority | Abel v. Conover, 104 N.W.2d 684, 688 (Neb. 1960) | PDs barred in all civil actions, contract or tort. |
| **Nevada** | Majority (statutory) | Nev. Rev. Stat. Ann. § 42.005 (West 2024) | PDs in contract actions only "where it is proven by clear and convincing evidence that the defendant has been guilty of oppression, fraud or malice." |
| **New Hampshire** | Majority | Stewart v. Bader, 907 A.2d 931, 943 (N.H. 2006) | PDs unavailable at common law regardless of conduct; only statute can authorize them. |

**Exhibit A**

| Jurisdiction | Standard | Primary Authority | Notes |
|---|---|---|---|
| **New Jersey** | Majority | Pierce v. Ortho Pharm. Corp., 417 A.2d 505, 512 (N.J. 1980) | |
| **New Mexico** | **Minority** | Hood v. Fulkerson, 102 N.M. 677, 699 P.2d 608 (N.M.1985) | MINORITY RULE. Courts do not distinguish between tort and contract for PD purposes. PDs available where breach accompanied by malicious, oppressive, fraudulent, or recklessly wanton conduct. Mere intentional breach alone is still insufficient; culpable state of mind beyond intent to breach is required. |
| **New York** | Majority | Rocanova v. Equitable Life Assurance Soc'y, 612 N.Y.S.2d 339, 634 N.E.2d 940 (N.Y. 1994) | |
| **North Carolina** | Majority (statutory bar) | N.C. Gen. Stat. Ann. § 1D-15(d) (West 2024) | Statute expressly provides PDs "shall not be awarded against a person solely for breach of contract." |
| **North Dakota** | Majority | Pioneer Fuels, Inc. v. Mont.-Dakota Utils. Co., 474 N.W.2d 706, 709 (N.D. 1991) | PDs recoverable only if breach of contract is accompanied by a willful tort. |
| **Ohio** | Majority | Lucarell v. Nationwide Mut. Ins. Co., 97 N.E.3d 458, 468 (Ohio 2018) | |
| **Oklahoma** | Majority (statutory) | Okla. Stat. Ann. tit. 23, § 9.1 (West 2024) | Statute limits PDs to "breach of an obligation not arising from contract." |
| **Oregon** | Majority | Farris v. U. S. Fid. & Guar. Co., 466, 587 P.2d 1015, 1022 (Ore. 1978) | The general rule is that there is no recovery of punitive damages for breach of contract. |
| **Pennsylvania** | Majority | Smith v. Harleysville Insurance Co., 418 A.2d 705, 706 (Pa. Super. 1980) aff'd, 431 A.2d 974 (1981). | "The law in Pennsylvania has always been that punitive damages cannot be recovered for breach of contract." |
| **Puerto Rico** | | | No jurisprudence found. Civil law jurisdiction, so common law does not apply. |

**Exhibit A**

| Jurisdiction | Standard | Primary Authority | Notes |
|---|---|---|---|
| **Rhode Island** | Majority | Pier House Inn, Inc. v. 421 Corp., 812 A.2d 799, 809 (R.I. 2002) (concurring opinion states that punitive damages are "not generally available as a remedy for a breach of contract." | Independent tort required; underlying claim must be tortious. Conduct must be willful, wicked, reckless, or malicious. Malicious breach alone without tortious predicate is insufficient. |
| **South Carolina** | Majority | Lister v. NationsBank of Del., N.A., 494 S.E.2d 449, 454 (S.C. App. 1997) | Requires breach accompanied by a fraudulent act — a specific form of independent tort. Three elements: (1) breach, (2) fraudulent intent relating to breach, and (3) an accompanying fraudulent act. Mere willful or fraudulent purpose in breaching is insufficient without the accompanying act. |
| **South Dakota** | Majority | Wright v. Temple, 2021 S.D. 15, 956 N.W.2d 436, 454 (2021) | Independent tort separate and distinct from the breach required. |
| **Tennessee** | Majority (statutory) | Tenn. Code Ann. § 29-39-104(a)(1) (West 2024) | Statute requires clear and convincing evidence of malicious, intentional, fraudulent, or reckless conduct. Not available for ordinary breach. |
| **Texas** | Majority | Bellefonte Underwriters Ins. Co. v. Brown, 704 S.W.2d 742, 745 (Tex. 1986) | Independent tort must be alleged and proven separately. |
| **Utah** | Majority | Gregory & Swapp, PLLC v. Kranendonk, 424 P.3d 897, 911 (Utah 2018) | Independent tort required. |
| **Vermont** | **Minority** | Murphy v. Stowe Club Highlands, 171 Vt. 144, 761 A.2d 688, 696 (Vt. 2000) | Breach of contract may support PDs; however, conduct must be akin to willful/wanton or fraudulent tort. |
| **Virginia** | Majority | Kamlar Corp. v. Haley, 299 S.E.2d 514, 518 (Va. 1983) | Independent, willful tort required regardless of motives underlying the breach. Virginia goes further than most: independent tort must be pled in a separate count from the contract claim. |
| **Washington** | Majority | Barr v. Interbay Citizens Bank of Tampa, Fla., 635 P.2d 441, 443 (Wash. 1981) | PDs prohibited at common law as against public policy unless expressly authorized by statute. |

**Exhibit A**

| Jurisdiction | Standard | Primary Authority | Notes |
|---|---|---|---|
| **West Virginia** | Majority | Hayseeds, Inc. v. State Farm Fire & Cas., 352 S.E.2d 73, 80 (W.Va. 1986) | Independent, intentional tort required. Insurance cases additionally require proof of actual malice (insurer knew claim was proper and willfully, maliciously denied it). |
| **Wisconsin** | Majority | Mohns Inc. v. BMO Harris Bank Nat'l Ass'n, 954 N.W.2d 339, 357 (Wis. 2021). | |
| **Wyoming** | **Unclear** | Waters v. Trenckmann, 503 P.2d 1187 (Wyo. 1972); Wilder v. Cody Country Chamber of Commerce, 868 P.2d 211, 222 (Wyo. 1994) | Unclear/hybrid standard. Waters requires aggravation, outrage, malice, or willful and wanton misconduct. Unique wrinkle: Waters indicates misconduct must occur prior to contract execution, not just during breach. Wilder adds special-relationship requirement. Contours remain unsettled. |

**Exhibit A**