IN THE DISTRICT COURT OF THE VIRGIN ISLANDS

DIVISION OF ST. THOMAS AND ST. JOHN

| | |
|---|---|
| UNITED PROPERTY, INC., <br><br> PLAINTIFF, <br><br> VS. <br><br> ROYALSTAR ASSURANCE LTD., <br><br> DEFENDANT. | CASE NO. 3:26-CV-19 |

ORDER GRANTING DEFENDANT'S PARTIAL MOTION TO DISMISS

THIS MATTER is before the Court on Defendant RoyalStar Assurance, Ltd.'s Motion to Dismiss Counts II and III of the Complaint and the demand for punitive damages. The Court has considered the motion, any opposition thereto, and the record, and finds as follows:

COUNT II:   TORT OF BAD FAITH (STATUTE OF LIMITATIONS)

Count II of the Complaint asserts a tort claim for bad faith denial of insurance coverage and is dismissed with prejudice. The Virgin Islands Supreme Court has held that the two-year statute of limitations in 5 V.I.C. § 31(5)(A) governs claims for insurer bad faith because the duty of good faith owed by an insurer to its insured arises from statute-specifically 22 V.I.C. § 2-rather than from the insurance contract. *Clark v. Fidelity & Guaranty Insurance Underwriters*, 2025 V.I. 15, 26 (Aug. 20, 2025). The Complaint establishes on its face that RoyalStar denied Plaintiff's claim on November

9, 2023, and that Plaintiff filed suit on January 13, 2026-more than two months after the two-year period expired on November 9, 2025. Count II is therefore time-barred.

**COUNT II:   TORT OF BAD FAITH (FAILURE TO STATE A CLAIM)**

Count II is also dismissed for the independent reason that it fails to plausibly plead the elements of the tort of bad faith. Stripped of legal conclusions, the Complaint offers only bare recitations that RoyalStar's conduct was intentional, lacked any reasonable basis, and was done with reckless indifference-none of which is entitled to the assumption of truth under *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). The denial letter attached to the Complaint as Exhibit B affirmatively demonstrates that RoyalStar had multiple independent arguable bases for its denial: a licensed professional engineer's opinion attributing the observed damage to pre-existing deterioration rather than windstorm; a deductible analysis grounded in the policy terms; and a late-notice defense. The Complaint pleads no facts plausibly defeating any of these three bases.

**COUNT III:   "BREACH OF DUTY OF GOOD FAITH AND FAIR DEALING" (STATUTE OF LIMITATIONS)**

Count III of the Complaint is dismissed with prejudice. Although labeled "breach of duty of good faith and fair dealing," Count III pleads the same bad faith tort as Count II: it alleges that RoyalStar's conduct was outrageous, done with evil motive and reckless indifference, and inconsistent with its statutory obligations. The controlling limitations period is determined by the source of the duty at issue, not the label affixed to the claim. *Clark*, 2025 V.I. 15 at 26. Because the duty Count III seeks to vindicate is the statutory duty 22 V.I.C. § 2 imposes on every insurer (the same duty *Clark* held

is governed by the two-year period), Count III is time-barred for the same reasons as Count II.

### COUNT III: "BREACH OF DUTY OF GOOD FAITH AND FAIR DEALING" (NO COGNIZABLE CLAIM)

Count III is independently dismissed because no freestanding cause of action for breach of the implied covenant of good faith and fair dealing is available against an insurer in the Virgin Islands. The implied covenant is a gap-filling doctrine that protects parties' bargained-for expectations. *Merchants Commercial Bank v. Oceanside Village, Inc.*, 64 V.I. 3, 34-35 (V.I. Super. 2015). Because 22 V.I.C. § 2 expressly imposes a duty of good faith, honesty, and equity on every insurer doing business in the Territory, there is no gap to fill and no occasion for the courts to imply such a duty. A plaintiff in the insurance context cannot avoid the two-year limitations period applicable to the statutory bad faith tort by relabeling that tort as a breach of the implied covenant.

### COUNT III:  "BREACH OF DUTY OF GOOD FAITH AND FAIR DEALING" (FAILURE TO STATE A CLAIM)

Count III also fails to state a claim for the same reasons as Count II: its bad faith allegations are conclusory and are contradicted by the denial letter attached to the Complaint. To the extent Count III could be recharacterized as an implied-covenant claim, it fares no better, because the Complaint identifies no contractual discretion RoyalStar exercised unreasonably and no benefit of the bargain of which Plaintiff was deprived through conduct outside the express terms of the policy.

**PUNITIVE DAMAGES:  FAILURE TO STATE A CLAIM**

The Complaint's prayer for punitive damages at subparagraph (d)(4) is dismissed. The Complaint's allegations that RoyalStar's conduct was "outrageous, intentional and unlawful" and done with "evil motive and/or reckless indifference" are bare recitations of the legal standard for punitive damages under Virgin Islands law. *See Atl. Hum. Res. Advisors, LLC v. Espersen*, 76 V.I. 583, 628, 2022 VI 11, 66 (2022), and are not entitled to the assumption of truth. The underlying facts alleged—a coverage denial supported by an engineer's report, a deductible calculation, and a late-notice defense—do not plausibly allege the serious or malicious wrongdoing that punitive damages require.

**PUNITIVE DAMAGES:  BREACH OF CONTRACT**

The punitive damages demand is independently dismissed because, once Counts II and III are dismissed, Count I (breach of contract) is the only surviving claim, and punitive damages are not recoverable for breach of contract under Virgin Islands law. This Court has twice so held. *Tradewinds, Inc. v. Citibank, N.A.*, No. CIV. 80-7, 1983 WL 890022, at *2 (D.V.I. Jan. 11, 1983); *Jo-Ann's Launder Center, Inc. v. Chase Manhattan Bank, N.A.*, 854 F. Supp. 387, 392 (D.V.I. 1994). The overwhelming majority of American jurisdictions follow the same rule, and that rule is the soundest for the Virgin Islands because it preserves the compensatory purpose of contract law, protects settled commercial expectations, and confines punitive exposure to conduct that independently satisfies the elements of a recognized tort.

For the foregoing reasons, it is **ORDERED** that:

1.  Defendant's Motion to Dismiss Counts II and III of the Complaint is **GRANTED**.


2.  Count II of the Complaint is **DISMISSED WITH PREJUDICE**.

3.  Count III of the Complaint is **DISMISSED WITH PREJUDICE**.

4.  The demand for punitive damages at subparagraph (d)(4) of the Complaint's prayer

for relief is **DISMISSED**.


_____

EVAN RIKHYE
United States District Judge