**IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. THOMAS AND ST. JOHN**

|  |  |  |
|---|---|---|
| UNITED PROPERTY, INC., | ) | |
| Plaintiff, | ) | CASE NO. 3:26-CV-19 |
| vs. | ) | |
| ROYALSTAR ASSURANCE, LTD., | ) | |
| Defendant. | ) | |

**AMENDED COMPLAINT**

Plaintiff, UNITED PROPERTY, INC., (hereinafter "Plaintiff"), by and through its undersigned Counsel, hereby sues Defendant, ROYALSTAR ASSURANCE, LTD. (hereinafter "Defendant") and as grounds, therefore, alleges the following:

## I.    THE PARTIES

1.    At all times relevant hereto, Plaintiff, UNITED PROPERTY, INC., was a domestic-for-profit corporation incorporated under the laws of the United States Virgin Islands ("US Virgin Islands"). On February 13, 2023, Plaintiff was administratively dissolved. This action commences timely within the three (3) year statutory period permitted under 13 V.I.C. § 285, which allows for continuation of a corporation after dissolution for purposes of action and winding up affairs.

2.    At all times relevant hereto, Plaintiff was and is the owner of the commercial real property located at 25 Dronningens Gade/Main Street, St. Thomas, Virgin Islands 00802 (the "Property").

1

3.       Defendant, ROYALSTAR ASSURANCE, LTD, is incorporated under the laws of the Commonwealth of The Bahamas with its principal place of business located at Mareva House, 4 George Street, Nassau, Bahamas. Thus, Defendant is considered a citizen of The Bahamas, a foreign country.

4.       Defendant issued and sold the above insurance policy and provided insurance coverage to Plaintiff and as such transacted business in the U.S. Virgin Islands. Defendant issued Policy Number C/44/FI/22/0177 to Plaintiff.

5.       Service of suit may be made upon Defendant to the Office of the Lieutenant Governor Division of Banking, Insurance and Financial Regulation 5049 Kongens Gade, St. Thomas, Virgin Islands 00802 on behalf of Defendant.

## II.    JURISDICTION AND VENUE

6.       The Court has original jurisdiction over this civil action because there is complete diversity between Plaintiff and Defendant and the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs. *See* 28 U.S.C. § 1332(a), (c)(1).

7.       Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in this District, and the property that is the subject of this action is situated within this District.

## III.    NATURE OF THE ACTION

8.       Plaintiff purchased a commercial insurance policy from Defendant, bearing policy number C/44/FI/22/0177 (the "Policy"), which insured Plaintiff's Property for the policy period of August 31, 2022, through August 30, 2023. *See* attached **Exhibit "A".**

9.       Plaintiff paid all premiums on said Policy, and the Policy was in full force and effect at all relevant times herein.

10.     In consideration of the payment of premium, the Policy provides coverage against direct physical loss to the subject commercial building, unless specifically excluded in the Policy, with a limit of liability in the amount of $414,375 for buildings and $150,000 for Contents, Improvements, and Betterments, subject to a 5% or $20,718.75 windstorm deductible.

11.     On September 17, 2022, while the Policy was in full force and effect, Plaintiff suffered damage to the Property as a result of a windstorm, Tropical Storm Fiona, and ensuing damage.

12.     Plaintiff timely reported the loss to Defendant, whereupon Defendant, through its Claims Department, opened a claim and assigned Claim No. USV23102240 to Plaintiff's loss.

13.     On or about January 6, 2023, Defendant acknowledged receipt of Plaintiff's claim for damages to the insured Property arising from Tropical Storm Fiona.

14.     Upon being notified of the loss, Defendant assigned a third-party administrator, Sedgwick Claims Management Services, Inc. ("Sedgwick") to investigate and adjust Plaintiff's claim.

15.     Without conducting a proper investigation, on November 9, 2023, Sedgwick informed the Plaintiff that after careful review of all available information, Defendant concluded that the Subject Policy did not provide coverage for the claim and denied coverage for the loss. To date, the Defendant has refused to pay the claim. *See* attached **Exhibit "B".**

16.     On or around January 2023, Sedgwick retained Paul Ferreras, an engineer, to conduct a site inspection of Plaintiff's Property. Plaintiff cooperated with Defendant's engineer and immediately made the Property available for inspection.

17.     Defendant improperly denied the claim and refused to issue benefits due and owing under the subject Policy.

18. The windstorm and the ensuing loss to Plaintiff's Property occurred as a direct and proximate result of a covered peril, windstorm.

19. At all times relevant hereto, Defendant had a duty to refrain from misrepresenting the nature and extent of the insurance policy and the coverages afforded thereunder. Defendant also had an affirmative duty to investigate, evaluate, adjust, and pay Plaintiff's covered losses in a timely and reasonable manner.

20. Defendant has a contractual and legal obligation to pay for all damage incurred as a result of covered losses under the Policy.

21. To date, Defendant failed to acknowledge and account for the windstorm and ensuing damage to Plaintiff's Property.

22. Despite Plaintiff's repeated pleas and the ample opportunity Defendant had to fully investigate the loss, to date, Defendant failed and/or refused to provide Plaintiff with all Policy insurance proceeds and benefits due and owing to repair the Property despite knowing that Plaintiff sustained covered damages.

23. On April 2, 2025, Plaintiff, provided Defendant with its notice of intent to repair the damages sustained to the insured property and stated that "[s]hould the Carrier desire to conduct an additional inspection of the Insured's damaged property prior to commencement of repairs, please advised us forthwith as soon as possible". *See* attached **Exhibit "C".**

24. Due to Defendant's failure to properly adjust the claim and promptly respond to the insured, Plaintiff was forced to retain Merlin Law Group, PLLC to aid Plaintiff in pursuing its contractual rights to obtain due and owing proceeds and benefits under its Policy.

25.    Defendant did not perform a timely, accurate, or thorough inspection. Instead, Defendant unreasonably delayed the adjustment of the claim and refused to pay the full amounts due and owing under the policy.

26.    Plaintiff has done all things legally and contractually required of Plaintiff to obtain the insurance benefits for which it contracted. Defendant, however, refused to comply with its obligations under the Policy.

27.    Defendant's actions left Plaintiff without the ability to fully repair its commercial structure and have caused financial hardship for Plaintiff.

## IV.    BREACH OF CONTRACT

28.    Plaintiff incorporates by reference all preceding paragraphs as if fully restated herein.

29.    Plaintiff purchased an insurance policy from Defendant to provide coverage for property damages to its commercial building.

30.    Defendant entered into the contractual agreement with Plaintiff by offering the insurance policy and subsequently accepting payment of the premiums.

31.    Plaintiff made all necessary payments, and the policy was in full force and effect at the time that the damages occurred.

32.    Defendant has breached the insurance contract with Plaintiff.

33.    Defendant has failed to adjust the insurance claim promptly, properly and accurately, thereby breaching the insurance contract.

34.    Defendant has failed to pay the full amounts owed pursuant to the terms and conditions of the insurance policy, thereby breaching the contract.

35.    Plaintiff has done all things legally required and has satisfied all conditions precedent to bringing this action.

36.    Defendant, however, has refused to comply with its obligations under the Policy.

37.    As a result of Defendant's breach of the insurance contract, Plaintiff has suffered and continues to suffer damages.

WHEREFORE, Plaintiff, UNITED PROPERTY, INC., requests this Court enter judgment in its favor and award Plaintiff all compensatory and consequential damages, as well as for all costs, expenses, attorneys' fees, and interest as allowed by law.

**WHEREFORE**, Plaintiff, UNITED PROPERTY, INC., respectfully requests this Court to:

a. Take jurisdiction of the subject matter and parties thereto;

b. Order full disclosure of all documents and allow full and liberal discovery of all facts that may lead to admissible evidence relevant to the determination herein, including, but not limited to, production of the complete Policy of insurance and a complete copy of all non-privileged information in the possession of Defendant that would shed light on the issue involved herein;

c. Determine and declare any other material matters pertaining to the respective rights and responsibilities under the Policy, as needed to do complete justice in this case;

d. Award compensatory damages; statutory interest in accordance with 22 V.I.C. § 228(b) and 11 V.I.C. § 951, reasonable attorney's fees and costs; and

e. Such further and other relief as the Court may deem just and proper.

## **DEMAND FOR JURY TRIAL**

Plaintiff demands a trial by jury on all issues so triable.

Submitted this 1ˢᵗ  day of July, 2026.

Respectfully submitted,

*/s/ Javier Delgado*
**JAVIER DELGADO, ESQ.**
VI Bar No.: R2065
MERLIN LAW GROUP, PLLC
777 S. Harbour Island Blvd., Suite 950
Tampa, FL 33602
Telephone: (813) 229-1000
Facsimile: (813) 229-3692
jdelgado@merlinlawgroup.com
jdteam@merlinlawgroup.com

## **CERTIFICATE OF SERVICE**

I certify that a copy has been served on Defendant's counsel of record by Electronic Service on July 1, 2026.

*/s/ Javier Delgado*

JAVIER DELGADO, ESQ.