**IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. THOMAS AND ST. JOHN**

| | | |
|---|---|---|
| **UNITED PROPERTY, INC.,** | ) | |
| **Plaintiffs,** | ) | **CASE NO. 3:26-cv-00019** |
| **v.** | ) | |
| | ) | |
| **ROYALSTAR ASSURANCE, LTD.,** | ) | |
| **Defendant.** | ) | |

**ORDER SETTING RULE 16 CONFERENCE**

The premises considered, **IT IS HEREBY ORDERED:**

1. **SCHEDULING CONFERENCE:** A scheduling conference pursuant to Rule 16, Fed.R.Civ.P., is set for **August 21, 2026 at 11:00 a.m.** in the chambers of the undersigned. At the scheduling conference, counsel and *pro se* parties will be expected to discuss in detail all matters covered by Rule 16, Fed.R.Civ.P., as well as all matters set forth in their joint proposed scheduling plan described in paragraph 3, and a firm and realistic trial setting will be established at or shortly after the conference. Absent special circumstances, counsel and *pro se* parties are expected to appear **in person** for this conference. Parties must authorize counsel to make stipulations and admissions about all matters to be discussed. **Sanctions may be imposed if counsel either fails to appear or appears unprepared.**

2. **MEETING OF COUNSEL:** Prior to the date for submission of the joint proposed scheduling plan set forth in paragraph 3 below, and no later than **July 31, 2026**, counsel for the parties and any *pro se* parties shall meet pursuant to Rule 26(f), Fed. R. Civ. P., to discuss the following: the nature and basis of the parties' claims and defenses, the possibilities for a prompt settlement or resolution of the case, the formulation of a discovery plan, and other topics listed below or in Rule 16 and Rule 26(f), Fed.R.Civ.P, **and specifically including the preservation and production of ESI, as well as the timing and method for complying with Rule 26(b)(5)(A),**

1

**including any agreements under Federal Rule of Evidence 502 regarding the disclosure of privileged information or work product.** Counsel and *pro se* parties will be asked to report orally on the matters discussed at this meeting when they appear before the undersigned for the scheduling conference and will specifically be asked to report on the potential for settlement; whether settlement demands or offers have been exchanged (without revealing the content of any offers or demands); and suitability for mediation. This meeting is expected to result in the parties reaching agreement on the form and content of a joint proposed scheduling plan as described in paragraph 3 below.

Only <u>one</u> proposed scheduling plan may be submitted in any case, and it must be signed by counsel for <u>all</u> parties and by any *pro se* parties. It will be the responsibility of counsel for the Plaintiff, or Plaintiff if Plaintiff is proceeding *pro se*, to actually submit the joint proposed scheduling plan to the Court. If the parties cannot agree as to any matter required to be contained in the joint plan, the disagreement must be set out clearly in the joint proposal, and the Court will resolve the dispute at or shortly after the scheduling conference.

3. <u>**JOINT PROPOSED SCHEDULING PLAN**</u>: No later than <u>**August 19, 2026**</u> the parties shall file a joint proposed scheduling plan. All dates required to be set forth in the plan shall be within the ranges set forth below:

**The parties' joint proposed scheduling plan shall include:**

    (a)    dates for joinder of additional parties or amendment of pleadings;

    (b)    a discovery plan including:

        (i)    whether discovery should be conducted in phases or limited to certain issues,

        (ii)    dates by which each party shall disclose its expert witnesses' identities and reports, and dates by which each party shall make its expert witnesses available for deposition, giving consideration to whether serial or

simultaneous disclosure is appropriate in the case,

(iii) whether the presumptive limits of ten (10) depositions per side as set forth in Rule 30(a)(2)(A), Fed.R.Civ.P., and twenty-five (25) interrogatories per party as set forth in Rule 33(a), Fed.R.Civ.P., should apply in this case, and if not, the reasons for the variance from the rules,

(iv) whether any physical or mental examinations of parties will be requested pursuant to Rule 35, Fed.R.Civ.P., and if so, by what date that request will be made and the date the examination will be completed,

(v) a date by which all discovery will be completed, and

(vi) any other matters pertinent to the completion of discovery in this case.

(c) the parties' positions concerning the referral of the action to mediation or early neutral evaluation, and when such a referral would be most productive;

(d) dates for the filing of any dispositive motions;

(e) the earliest date by which this case should reasonably be expected to be ready for trial;

(f) an estimate of the length of time expected to try the case to verdict;

(g) the timing and method for complying with Rule 26(b)(5)(A) and any agreements the parties reach for asserting claims of privilege or of protection as trial-preparation material after information is produced, including agreements reached under Federal Rule of Evidence 502 regarding the disclosure of privileged information or work product; and

(h) any other matters counsel deem appropriate for inclusion in the Joint Scheduling Plan, **including agreements regarding the preservation and production of ESI**.

4.   **DISCLOSURES:** No later than **July 29, 2026** the parties shall disclose information and exchange documents pursuant to Rule 26(a)(1), Fed.R.Civ.P.

5.   **LOCAL RULE 16.1 DISCOVERY MEMORANDA:** In addition to the Rule 26 Joint Scheduling Plan discussed above, on or before **August 19, 2026** the parties shall each file a discovery memorandum in accordance with the requirements of Local Rule of Civil Procedure 16.1. The Court considers these memoranda to be of significant value in that they require detailed thought about how the case must be discovered and prepared for trial. Statements such as discovery will be needed on the claims, defenses and affirmative defenses exist and/or have been asserted, or the parties expect to propound written discovery and take depositions, without discussion of the details of such efforts as now known or anticipated by the parties, do not meet the spirit of the rule.

6.   **DISCLOSURES UNDER FED. R. CIV. P. 7.1:** All non-governmental entity parties are reminded to comply with the disclosure requirements of Fed. R. Civ. P. 7.1.

7.   ***PRO SE* PARTIES:** If any party appears in this action *pro se* (i.e., representing themselves), such party shall meet with all other parties or counsel, participate in the preparation and filing of a joint proposed scheduling plan, and appear for the scheduling conference, all in the same manner as otherwise required by this order.

ENTER:

Dated:   July 6, 2026

*/s/ G. Alan Teague*
G. ALAN TEAGUE
U.S. MAGISTRATE JUDGE