**IN THE DISTRICT COURT OF THE VIRGIN ISLANDS**
**DIVISION OF ST. THOMAS AND ST. JOHN**

| | | |
|---|---|---|
| UNITED PROPERTY, INC.,<br><br>Plaintiff,<br><br>vs.<br><br>ROYALSTAR ASSURANCE, LTD.,<br><br>Defendant. | ) | CASE NO. 3:26-CV-19 |

## SECOND AMENDED COMPLAINT

Plaintiff, UNITED PROPERTY, INC., (hereinafter "Plaintiff"), by and through its undersigned Counsel, hereby sues Defendant, ROYALSTAR ASSURANCE, LTD. (hereinafter "Defendant") and as grounds, therefore, alleges the following:

### I. THE PARTIES

1. At all times relevant hereto, Plaintiff, UNITED PROPERTY, INC., was a domestic-for-profit corporation incorporated under the laws of the United States Virgin Islands ("US Virgin Islands"). On February 13, 2023, Plaintiff was administratively dissolved. This action commences timely within the three (3) year statutory period permitted under 13 V.I.C. § 285, which allows for continuation of a corporation after dissolution for purposes of action and winding up affairs.

2. At all times relevant hereto, Plaintiff was and is the owner of the commercial real property located at 25 Dronningens Gade/Main Street, St. Thomas, Virgin Islands 00802 (the "Property").

3. Defendant, ROYALSTAR ASSURANCE, LTD, is incorporated under the laws of the Commonwealth of The Bahamas with its principal place of business located at Mareva House, 4 George Street, Nassau, Bahamas. Thus, Defendant is considered a citizen of The Bahamas, a foreign country.

4. Defendant issued and sold the above insurance policy and provided insurance coverage to Plaintiff and as such transacted business in the U.S. Virgin Islands. Defendant issued Policy Number C/44/FI/22/0177 to Plaintiff.

5. Service of suit may be made upon Defendant to the Office of the Lieutenant Governor Division of Banking, Insurance and Financial Regulation 5049 Kongens Gade, St. Thomas, Virgin Islands 00802 on behalf of Defendant.

## II. <u>JURISDICTION AND VENUE</u>

6. The Court has original jurisdiction over this civil action because there is complete diversity between Plaintiff and Defendant and the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs. *See* 28 U.S.C. § 1332(a), (c)(1).

7. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in this District, and the property that is the subject of this action is situated within this District.

## III. <u>NATURE OF THE ACTION</u>

8. This action arises from Defendant's breach of the insurance policy, which insured Plaintiff's property located at 25 Dronningens Gade/Main Street, St. Thomas, Virgin Islands.

9. Plaintiff purchased a commercial insurance policy from Defendant, bearing policy number C/44/FI/22/0177 (the "Policy"), with effective policy period from August 31, 2022, through August 30, 2023. *See* attached **Exhibit "A".**

10. The Policy was in full force and effect on September 17, 2022, when the Property sustained a collapse, abrupt collapse, and ensuing damage, with Hurricane Fiona being a contributing cause.

11. Accordingly, Plaintiff's claim is for covered collapse, abrupt collapse, and ensuing loss under the Policy, arising from conditions associated with Hurricane Fiona that contributed to the collapse and resulting damage.

12. The Policy provided $414,375.00 in Building coverage and $150,000.00 in coverage for Contents, Fixtures, and Jewellery Casings, subject to a $2,500.00 deductible per loss, including a covered collapse loss.

13. Plaintiff timely reported the loss and on January 6, 2023, Defendant acknowledged Plaintiff's claim for damages to the insured Property arising from a collapse to which Hurricane Fiona was a contributing cause.

14. Upon being notified of the loss, Defendant assigned a third-party administrator, Sedgwick Claims Management Services, Inc. ("Sedgwick") to investigate and adjust Plaintiff's claim.

15. On January 2023, Sedgwick retained Paul Ferreras, an engineer, to conduct a site inspection of Plaintiff's Property. Plaintiff cooperated with Defendant's engineer and immediately made the Property available for inspection.

16. On November 9, 2023, Sedgwick informed Plaintiff that, Defendant concluded that the Subject Policy did not provide coverage for Plaintiff's claim and denied coverage for the loss. See **Exhibit "B,"** attached hereto.

17. Plaintiff contends that Defendant failed to properly investigate, evaluate, and adjust the collapse loss despite substantial evidence demonstrating covered physical damage to the Property.

18. Plaintiff retained Francisco Nadal, P.E., to investigate the cause and extent of the loss. Mr. Nadal inspected the Property, including the roof and interior, and concluded that Hurricane Fiona's winds ripped and displaced portions of the roof membrane, permitting substantial rainwater intrusion into the building. His investigation further documented collapsed portions of the ceiling and lighting systems, damage to furniture and showcases, and substantial impairment of the roof system and building interior.

19. The investigation further established that the Property sustained a collapse of the roof system, resulting in significant water intrusion and consequent damage to the interior of the building. This evidence supports Plaintiff's position that Fiona contributed to the conditions that caused or precipitated the covered collapse and the ensuing damage that followed.

20. The nature and extent of the collapse damage are further confirmed by the July 2026 Damage Assessment prepared by Roy Young of Anchor Claims LLC.

21. Mr. Young inspected the Property, including the roof and interior, and observed that the roof had collapsed into the building and that the resulting structural condition restricted safe access to portions of the premises. His inspection documented collapsed roof framing, debris throughout the sales floor, damaged display areas, and exposed electrical components.

22. Mr. Young's Damage Assessment values the Building loss at $537,750.49 replacement cost value ("RCV") and $399,342.10 actual cash value ("ACV"), and the Contents loss at $156,586.00 RCV and $132,964.85 ACV.

23. Plaintiff therefore contends that Defendant accepted premiums in exchange for coverage against covered physical loss or damage, including collapse, abrupt collapse, and ensuing loss, yet breached the Policy by failing to properly investigate and adjust Plaintiff's claim and by refusing to pay the benefits owed.

24. Specifically, Plaintiff alleges that the insured Property sustained a covered collapse and abrupt collapse, as well as resulting ensuing damage, and that Hurricane Fiona was a contributing cause of the conditions that precipitated and ultimately resulted in the collapse.

25. Plaintiff claims Building damages of $399,342.10 ACV, less the applicable $2,500.00 deductible, and Contents damages of $132,964.85 ACV, together with applicable interest, attorneys' fees, costs, and any other compensatory or consequential damages recoverable under applicable law.

26. Plaintiff submitted a claim for benefits under the Policy and contends that Defendant has failed and/or refused to pay the full amount of benefits owed.

27. Defendant had a duty to not misrepresent the insurance policy and the coverages afforded thereunder. Defendant also had an affirmative duty to investigate, evaluate, adjust, and pay Plaintiff's covered losses in a timely and reasonable manner.

28. Despite Plaintiff's repeated pleas and ample opportunity Defendant had to fully investigate the loss, Defendant failed and/or refused to provide Plaintiff with all Policy insurance proceeds and benefits due and owing to repair the Property despite knowing that Plaintiff sustained covered damages.

29. On April 2, 2025, Plaintiff provided Defendant with notice of its intent to repair the damages sustained to the insured Property and stated: "[s]hould the Carrier desire to conduct an

additional inspection of the Insured's damaged property prior to commencement of repairs, please advise us forthwith as soon as possible." See **Exhibit "C,"** attached hereto.

30. Due to Defendant's failure to properly adjust the claim, Plaintiff was forced to retain the undersigned to aid Plaintiff in pursuing its contractual rights under its Policy and applicable law.

31. Plaintiff has done all things legally and contractually required of Plaintiff to obtain the insurance benefits for which it contracted. Defendant, however, refused to comply with its obligations under the Policy.

32. Defendant's actions left Plaintiff without the ability to fully repair its commercial structure and have caused financial hardship for Plaintiff.

## IV. BREACH OF CONTRACT

33. Plaintiff incorporates by reference all preceding paragraphs as if fully restated herein.

34. Plaintiff purchased an insurance policy from Defendant to provide coverage for property damages to its commercial building.

35. Defendant entered into the contractual agreement with Plaintiff by offering the insurance policy and subsequently accepting payment of the premiums.

36. Plaintiff made all necessary payments, and the policy was in full force and effect at the time that the damages occurred.

37. Defendant has breached the insurance contract with Plaintiff.

38. Defendant has failed to adjust the insurance claim promptly, properly and accurately, thereby breaching the insurance contract.

39. Defendant has failed to pay the full amounts owed pursuant to the terms and conditions of the insurance policy, thereby breaching the contract.

40. Plaintiff has done all things legally required and has satisfied all conditions precedent to bringing this action.

41. Defendant, however, has refused to comply with its obligations under the Policy.

42. As a result of Defendant's breach of the insurance contract, Plaintiff has suffered and continues to suffer damages.

WHEREFORE, Plaintiff, UNITED PROPERTY, INC., requests this Court enter judgment in its favor and award Plaintiff all compensatory and consequential damages, as well as for all costs, expenses, attorneys' fees, and interest as allowed by law.

**WHEREFORE**, Plaintiff, UNITED PROPERTY, INC., respectfully requests this Court to:

a. Take jurisdiction of the subject matter and parties thereto;

b. Order full disclosure of all documents and allow full and liberal discovery of all facts that may lead to admissible evidence relevant to the determination herein, including, but not limited to, production of the complete Policy of insurance and a complete copy of all non-privileged information in the possession of Defendant that would shed light on the issue involved herein;

c. Award compensatory damages; statutory interest in accordance with 22 V.I.C. § 228(b) and 11 V.I.C. § 951, reasonable attorney's fees and costs; and

d. Such further and other relief as the Court may deem just and proper.

**<u>DEMAND FOR JURY TRIAL</u>**

Plaintiff demands a trial by jury on all issues so triable.

Submitted this 18th day of August 2026.

Respectfully submitted,

*/s/ Javier Delgado*__________
**JAVIER DELGADO, ESQ.**
VI Bar No.: R2065
MERLIN LAW GROUP, PLLC
777 S. Harbour Island Blvd., Suite 950
Tampa, FL 33602
Telephone: (813) 229-1000
Facsimile: (813) 229-3692
jdelgado@merlinlawgroup.com
jdteam@merlinlawgroup.com

## CERTIFICATE OF SERVICE

I certify that a copy has been served on Defendant's counsel of record through the District Court's ECF on August 18, 2026.

*/s/ Javier Delgado*
JAVIER DELGADO, ESQ.