**IN THE DISTRICT COURT OF THE VIRGIN ISLANDS**
**DIVISION OF ST. THOMAS AND ST. JOHN**

| | | |
|---|---|---|
| UNITED PROPERTY, INC., | ) | |
| Plaintiff, | ) | CASE NO. 3:26-CV-19 |
| vs. | ) | |
| ROYALSTAR ASSURANCE, LTD, | ) | |
| Defendant. | ) | |

**PLAINTIFF UNITED PROPERTY, INC.'S**
**DISCOVERY MEMORANDUM**

Pursuant to Rule 26(f)(3) of the Federal Rules of Civil Procedure, Rule 16.1 of the Local Rules of Civil Procedure, and this Court's Order Setting Initial Conference [DE. 8], Plaintiff, United Property, Inc. ("Plaintiff") hereby submits its Discovery Memorandum. This Discovery Memorandum is based upon the information that is reasonably available to Plaintiff at this time and is made without waiving any objections as to relevance, materiality or admissibility of evidence. Plaintiff reserves the right to revise, correct, supplement, or clarify the disclosures at any time, consistent with Rule 26(e) of the Federal Rules of Civil Procedure, as more information becomes available by continuing investigation and discovery.

**A. STATEMENT OF FACTS UNDERLYING DEFENSES AND LEGAL ISSUES**

This action arises from Defendant RoyalStar Assurance, Ltd.'s breach of Commercial Property Insurance Policy No. C/44/FI/22/0177 (the "Policy"), which insured Plaintiff United Property, Inc.'s property located at 25 Dronningens Gade/Main Street, St. Thomas, Virgin Islands (the "Property"). The Policy was in full force and effect on September 17, 2022, when the Property sustained a collapse, abrupt collapse, and ensuing damage, with Hurricane Fiona being a

contributing cause. Accordingly, Plaintiff's claim is for covered collapse, abrupt collapse, and ensuing loss under the Policy, arising from conditions associated with Hurricane Fiona that contributed to the collapse and resulting damage.

The Policy provided $414,375.00 in Building coverage and $150,000.00 in coverage for Contents, Fixtures, and Jewellery Casings, subject to a $2,500.00 deductible per loss, including a covered collapse loss.

Plaintiff timely reported the loss. Defendant retained Sedgwick Claims Management Services, Inc. to investigate and adjust the claim. Notwithstanding the physical evidence of collapse and resulting damage, Defendant denied coverage and has refused to pay the benefits due under the Policy. Plaintiff contends that Defendant failed to properly investigate, evaluate, and adjust the collapse loss despite substantial evidence demonstrating covered physical damage to the Property.

Plaintiff retained Francisco Nadal, P.E., to investigate the cause and extent of the loss. Mr. Nadal inspected the Property, including the roof and interior, and concluded that Hurricane Fiona's winds ripped and displaced portions of the roof membrane, permitting substantial rainwater intrusion into the building. His investigation further documented collapsed portions of the ceiling and lighting systems, damage to furniture and showcases, and substantial impairment of the roof system and building interior. The investigation further established that the Property sustained a collapse of the roof system, resulting in significant water intrusion and consequent damage to the interior of the building. This evidence supports Plaintiff's position that Fiona contributed to the conditions that caused or precipitated the covered collapse and the ensuing damage that followed.

The nature and extent of the collapse damage are further confirmed by the July 2026 Damage Assessment prepared by Roy Young of Anchor Claims LLC. Mr. Young inspected the Property, including the roof and interior, and observed that the roof had collapsed into the building and that

the resulting structural condition restricted safe access to portions of the premises. His inspection documented collapsed roof framing, debris throughout the sales floor, damaged display areas, and exposed electrical components. Mr. Young's Damage Assessment values the Building loss at $537,750.49 replacement cost value ("RCV") and $399,342.10 actual cash value ("ACV"), and the Contents loss at $156,586.00 RCV and $132,964.85 ACV.

Plaintiff therefore contends that Defendant accepted premiums in exchange for coverage against covered physical loss or damage, including collapse, abrupt collapse, and ensuing loss, yet breached the Policy by failing to properly investigate and adjust Plaintiff's claim and by refusing to pay the benefits owed. Specifically, Plaintiff alleges that the insured Property sustained a covered collapse and abrupt collapse, as well as resulting ensuing damage, and that Hurricane Fiona was a contributing cause of the conditions that precipitated and ultimately resulted in the collapse.

Plaintiff submitted a claim for benefits under the Policy and contends that Defendant has failed and/or refused to pay the full amount of benefits owed. Plaintiff claims Building damages of $399,342.10 ACV, less the applicable $2,500.00 deductible, and Contents damages of $132,964.85 ACV, together with applicable interest, attorneys' fees, costs, and any other compensatory or consequential damages recoverable under applicable law. Defendant disputes the nature, cause, scope, and/or amount of covered damage and the extent of its obligations under the Policy, as set forth in its Answer and affirmative defenses.

**B. DESCRIPTION OF DISCOVERY CONDUCTED TO DATE**

Plaintiff provided its Initial Disclosures, as well as its initial production of documents bates labeled United Property 0001-0064. Plaintiff anticipates propounding written discovery on parties. To date, Plaintiff has not received any discovery from the other parties.

**C. DESCRIPTION OF DISCOVERY PROBLEMS ENCOUNTERED TO DATE**

There have been no discovery issues at this time, however the parties are in the preliminary stages of discovery.

**D. DESCRIPTION OF FURTHER DISCOVERY NEEDS**

Plaintiff anticipates propounding additional written discovery to obtain documents and information relevant to and supportive of Plaintiff's claims and Defendant's defenses. Plaintiff also anticipates taking the depositions of numerous individuals with knowledge relevant to the claims and defenses in this action, including Defendant, Defendant's employees, Defendant's corporate representative pursuant to Federal Rule of Civil Procedure 30(b)(6), Sedgwick adjusters, and other witnesses identified through discovery.

Given the nature and scope of the issues presented, Plaintiff submits that discovery should proceed on all relevant claims and defenses and should not be phased or otherwise limited to any particular issue at this stage of the litigation.

**E. ISSUES REGARDING ELECTRONICALLY STORED INFORMATION**

None at this time.

**F. ISSUES REGARDING CLAIMS OF PRIVILEGE OR OF PROTECTION AAS TRIAL PREPARTION MATERIALS**

Plaintiff does not anticipate any issues regarding claims of privilege or protection at this time. Plaintiff suggests a Confidentiality Agreement be entered.

**G. STATEMETN REGARDING EXPERT TESTIMONY**

At this time, Plaintiff anticipates retaining expert witnesses in the fields of insurance adjusting, construction, property damage estimating, meteorology, and engineering. Plaintiff proposes that the disclosure of expert witnesses and production of expert reports be completed in accordance with the deadlines set forth in the parties' Rule 26(f) Joint Proposed Scheduling Plan.

## H. LIMITATINS ON DISCOVERY DEVICES

Plaintiff does not seek any limitations placed upon the use of any discovery device at this time.

## I. RESOLUTION THROUGH MEDIATION

The parties have agreed that mediation should be initiated no later than April 30, 2027

## J. PROPOSED DEADLINES

The parties have jointly proposed deadlines as set forth in their Rule 26(f)memorandum.

## K. ESTIMATE OF TRIAL TIME

Plaintiff anticipates needing 3-4 days for trial.

## L. ANY OTHER ISSUES RELATED TO SCHEDULING ORDER

None.

Dated: August 19, 2026

**MERLIN LAW GROUP, PLLC**

By: */s/ Javier Delgado*___________

**JAVIER DELGADO, ESQ.**
VI Bar No.: R2065
MERLIN LAW GROUP, PLLC
777 S. Harbour Island Blvd., Suite 950
Tampa, FL 33602
Telephone: (813) 229-1000
jdelgado@merlinlawgroup.com
jdteam@merlinlawgroup.com

**ATTORNEY FOR PLAINTIFF**