**IN THE DISTRICT COURT OF THE VIRGIN ISLANDS**
**DIVISION OF ST. THOMAS AND ST. JOHN**

| | | |
|---|---|---|
| **UNITED PROPERTY, INC.,** | ) | |
| **Plaintiffs,** | ) | **CASE NO. 3:26-cv-00019** |
| **v.** | ) | |
| | ) | |
| **ROYALSTAR ASSURANCE, LTD.,** | ) | |
| **Defendant.** | ) | |

# TRIAL MANAGEMENT ORDER

The parties were before the Court on August 21, 2026 on their JOINT PROPOSED SCHEDULING PLAN and for an initial Rule 16 conference. The premises considered, it is hereby

**ORDERED** that the parties shall adhere to the following schedule:

1. The parties have disclosed information and documents pursuant to Rule 26(a)(1) and shall supplement such disclosures as necessary.

2. Plaintiff has up to and including **August 28, 2026** to file a motion for leave to file its Second Amended Complaint previously filed at [ECF 14]. Said motion should seek an order entered *nunc pro tunc* to August 18, 2026 and should further abide by LRCi 15.1

3. The deadline for seeking leave to amend pleadings or add new parties is **November 30, 2026**.

4. Fact discovery shall be completed by **March 5, 2027**.

5. The parties shall commence mediation by **April 30, 2027**, or earlier as agreed.

6. The Plaintiff shall identify any experts, and produce the required materials related thereto, on or before **April 5, 2027**.

7. The Defendant shall identify any experts, and produce the required materials related thereto, on or before **May 17, 2027**.

8. All expert discovery shall be completed by **August 13, 2027**.

9. The parties shall jointly contact the Court to attempt an informal resolution of any discovery disputes prior to filing discovery motions.

10. The production of privileged or work-product protected documents, as electronically stored information ("ESI") or other information, whether inadvertent

or otherwise, is not a waiver of the privilege or protection from discovery in this case or in any other federal or state proceeding. This Order shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502(d). This Order does not prevent any party from seeking a determination from the Court about whether a document or information, whether withheld or produced, is privileged or work product protected.

11. The parties have agreed on an ESI protocol.

12. The parties shall file dispositive and expert-related motions no later than **October 1, 2027**. The time for filing responses and replies may not be extended without leave of Court.

13. All motions in limine or to exclude evidence shall be filed no later than **December 6, 2027**. Any response shall be filed no later than seven days after the motion is served. Any reply shall be filed no later than five days after a response is served. The parties shall include **all** in limine requests in one motion, not to exceed 20 pages without leave of Court.

14. The parties shall file their proposed joint final pretrial order in accordance with Appendix I to LRCi 16.1 by no later than **December 13, 2027**.

15. The parties shall file their proposed voir dire, proposed joint neutral statement, and proposed jury instructions no later than **December 17, 2027**.

16. The parties shall file a trial brief or memorandum pursuant to Local Rule 16.1(c) no later than **December 30, 2027**.

17. The final pretrial conference in this matter will be scheduled by the presiding judge.

18. The trial of this matter is scheduled to begin promptly at **9:00 a.m. on January 10, 2028.** The trial period extends from January 10, 2028 to January 28, 2028. To the extent that there are conflicts, the trial date may change to any date within this period. All parties, witnesses and counsel should arrange their schedules accordingly.

19. A status conference is scheduled for **November 17, 2026 at 9:30 a.m.** and will be conducted via Teams video conferencing. Video conferencing information to be provided to the parties by the Court.

ENTER:

Dated: August 21, 2026

*/s/ G. Alan Teague*
G. ALAN TEAGUE
U.S. MAGISTRATE JUDGE