**IN THE DISTRICT COURT OF THE VIRGIN ISLANDS**
**DIVISION OF ST. THOMAS AND ST. JOHN**

UNITED PROPERTY, INC.,

Plaintiff,

vs.

ROYALSTAR ASSURANCE, LTD.,
Defendant.

CASE NO. 3:26-CV-19

**PLAINTIFF'S UNOPPOSED *NUNC PRO TUNC* MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT AND INCORPORATED MEMORANDUM OF LAW**

Plaintiff, UNITED PROPERTY, INC. ("Plaintiff"), by and through its undersigned counsel, respectfully files this Unopposed Nunc Pro Tunc Motion For Leave to File Second Amended Complaint and moves this Court, pursuant to Federal Rule of Civil Procedure 15(a)(2), Local Rule of Civil Procedure 15.1, and the Court's Trial Management Order entered on August 21, 2026 [ECF No. 20], for leave to file its Second Amended Complaint previously filed at ECF No. 14.

**I. RELEVANT BACKGROUND**

1. Plaintiff filed its Amended Complaint on July 1, 2026. [ECF No. 6].

2. On August 18, 2026, Plaintiff filed its Second Amended Complaint at ECF No. 14. The Second Amended Complaint continues to arise from the same insurance policy, insured property, September 17, 2022 loss, and denial of coverage alleged in the Amended Complaint. Based on additional review and information received, Plaintiff simply seeks to clarify the specific facts and circumstances related to the first party property insurance claim. The Second Amended

Complaint clarifies Plaintiff's allegations stating the insured Property sustained collapse, abrupt collapse, and ensuing damage with Hurricane Fiona being a contributing cause.

3. The Second Amended Complaint was filed without a separate motion for leave. On August 21, 2026, following the initial Rule 16 conference, the Court entered its Trial Management Order. [ECF No. 20]. The Court gave Plaintiff through August 28, 2026, to move for leave to file the Second Amended Complaint previously filed at ECF No. 14, and directed Plaintiff to seek an order entered *nunc pro tunc* to August 18, 2026, and required compliance with LRCi 15.1.

4. Undersigned counsel conferred with counsel for Defendant, who advised that Defendant does not oppose the relief requested in this Motion.

5. Plaintiff attaches the Redline Second Amended Complaint as **Exhibit 1** to this Motion.

6. Plaintiff files this Motion within the deadline established by the Court.

**II. LEGAL STANDARD**

Under Rule 15(a)(1) of the Federal Rules of Civil Procedure, a party may amend its pleading once as a matter of course no later than 21-days after service or, if the pleading is one to which a responsive pleading is required, 21-days after service of a responsive pleading or 21-days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier. Fed.R.Civ.P. 15(a)(1) (emphasis added). In all other cases, a party may amend its pleading only with the opposing party's written consent or by leave of court, the latter of which should be freely given when justice so requires. See *Katzenmoyer v. City of Reading*, 158 F. Supp. 2d 491, 497 (E.D. Pa. 2001).

Federal Rule of Civil Procedure 15(a)(2) provides that a court should freely give leave to amend when justice so requires. Fed. R. Civ. P. 15(a)(2). A district court's discretion on a motion to amend pleadings must be exercised within the context of these liberal pleading rules. *Mullin v.*

*Balicki*, 875 F.3d 140 (2017). Consistent with this principle, a motion to amend a complaint should generally be granted, since the fundamental purpose of Rule 15 is to allow a plaintiff an opportunity to test his claim on the merits. *United States ex rel. Customs Fraud Investigations, LLC. v. Victaulic Company*, 839 F.3d 242 (2016). Leave generally should be granted absent undue delay, bad faith, repeated failure to cure deficiencies, undue prejudice, or futility. *Foman v. Davis*, 371 U.S. 178, 182 (1962).

## III. ARGUMENT

### A. Plaintiff's Motion for Leave to Amend should be granted under Fed. R. Civ. P. 15(a)(2).

Leave is warranted under Fed. R. Civ. P. 15's liberal standard. Plaintiff sought to amend early in the litigation and before November 30, 2026, deadline for amendments established in the Trial Management Order. The Second Amended Complaint refines the factual allegations and causation theory underlying Plaintiff's existing breach-of-contract claim. It does not change the parties, add a new claim, or introduce a different transaction or occurrence.

The amendment will not prejudice Defendant. Defendant has had notice of the proposed pleading since it was filed at ECF No. 14 on August 18, 2026, and does not oppose the relief requested. The case remains at an early stage. Fact discovery does not close until March 5, 2027, expert discovery does not close until August 13, 2027, and trial is scheduled for January 2028. [ECF No. 20]. Defendant therefore has ample time to investigate the clarified allegations and conduct discovery. Furthermore, there is no undue delay, bad faith, dilatory motive, or repeated failure to cure deficiencies. Plaintiff promptly filed this Motion in accordance with the Court's express direction.

**B. Plaintiff respectfully requests the Court deem the Second Amended Complaint filed *nunc pro tunc* to August 18, 2026.**

The requested *nunc pro tunc* relief is consistent with the record and the Court's Trial Management Order. The Second Amended Complaint was filed at ECF No. 14 on August 18, 2026. Plaintiff seeks leave to cure the procedural omission identified by the Court and to have the pleading deemed effective as of its actual filing date of August 18, 2026. The Court expressly directed that this Motion seek an order entered *nunc pro tunc* to August 18, 2026. [ECF No. 20]. Granting such relief will accurately reflect the docket and will not prejudice Defendant.

**C. Plaintiff complies with Local Rule of Civil Procedure of the District Court of the Virgin Islands 15.1.**

In accordance with LRCi 15.1 and the Court's Trial Management Order, Plaintiff submits as **Exhibit 1** to this Motion a redlined version of the Second Amended Complaint, previously filed at ECF No. 14.

**IV. CONCLUSION**

WHEREFORE, Plaintiff respectfully requests that the Court grant this Unopposed Motion *Nunc Pro Tunc* Motion For Leave to File Second Amended Complaint, authorize the filing of Plaintiff's Second Amended Complaint, previously filed at ECF No. 14 and submitted with this Motion, deem the Second Amended Complaint properly filed *nunc pro tunc* as of August 18, 2026, and grant such other further relief as the Court deems just and proper.

Dated this 28th day of August, 2026.

Respectfully submitted,

*/s/ Javier Delgado*
**JAVIER DELGADO, ESQ.**
VI Bar No.: R2065
**MERLIN LAW GROUP, PLLC**
777 S. Harbour Island Blvd., Suite 950
Tampa, FL 33602
Telephone: (813) 229-1000
Facsimile: (813) 229-3692
jdelgado@merlinlawgroup.com
jdteam@merlinlawgroup.com
Counsel for Plaintiff

## CERTIFICATE OF CONFERENCE

Pursuant to LRCi 7.1(e), undersigned counsel certifies that counsel for Plaintiff and counsel for Defendant conferred in person regarding the relief requested in this Motion during the Rule 16 conference held before the Court on August 21, 2026. Defendant's counsel confirmed that Defendant does not oppose the relief requested.

## CERTIFICATE OF SERVICE

I certify that on August 28, 2026, the foregoing was filed through the Court's CM/ECF system, which will transmit notice of electronic filing to all counsel of record.

Respectfully submitted,

*/s/ Javier Delgado*__________
**JAVIER DELGADO, ESQ.**