**EXHIBIT "B"**

sedgwick

**VIA CERTIFIED MAIL ARTICLE NO. 7020 1810 0000 9713 4830**
**VIA ELECTRONIC MAIL: SAEDASALEM15@GMAIL.COM & ZAHISALEM2020@GMAIL.COM**

November 9, 2023

United Property Inc.
P.O. Box 304606
St. Thomas, VI 00803

Attn: Zahi Zuhdi Salem

**RE: CLAIM DECLINATION**

| | |
|---|---|
| Insured | : United Property Inc. |
| Date of Loss | : September 17, 2022 [as reported] |
| Loss Location | : 25 Dronningens Gade/Main Street St. Thomas, U.S. Virgin Islands 00802 |
| Policy Number | : C/44/FI/22/0177 |
| Policy Term | : August 31, 2022 to August 30, 2023 |
| Agent | : Great Lakes Insurance (VI) |
| Local Broker | : Caribbean Risk Group, LLC |
| Sedgwick Ref. | : USV23102240 |

Dear Zahi Zuhdi Salem

As you are aware, we are the designated claims representatives writing under the authority and direction of RoyalStar Assurance Ltd. ("RoyalStar") who insure the above identified property at 25 Dronningens Gade/Main Street St. Thomas, U.S. Virgin Islands 00802 ("Property") pursuant to the terms, conditions, exclusions, and other provisions of Policy No. C/44/FI/22/0177 issued to United Property Inc. for the period of August 31, 2022 to August 30, 2023 (the "Subject Policy"). This letter follows our various telephone conversations, and inspections of the Property on February 16, 2023 and March 10, 2023. On October 4, 2023, the Property was reinspected with engineer Paul Ferreras, PE.

The wording, punctuation and forms used in the Subject Policy take precedence over this or any other letter we prepare where excerpts from the policy are quoted. This letter is not meant to change any wording or meaning in the policy issued by RoyalStar. Please refer to the complete Subject Policy including all forms and applicable endorsements.

Per the loss notification, the claim you submitted was for windstorm damages resulting from Tropical Storm Fiona. You first notified agent Great Lakes Insurance (VI) of the loss on January 6, 2023 nearly four months after Tropical Storm Fiona passed through the Territory.

We have completed our investigation and reported our findings to RoyalStar who analyzed those findings against the Subject Policy's terms, conditions, exclusions, and limitations. After careful review of all available information, RoyalStar concluded that the Subject Policy does not provide coverage for this claim and respectfully disclaims coverage for this loss for the reasons outlined below.

Sedgwick Claims Management Services, Inc.

P.O. BOX 11937 St. Thomas, VI 00801| EMAIL George.Merritt@sedgwick.com | PHONE 340.626.4921 | FAX 866.230.4996

POLICY TERMS AND CONDITIONS

RoyalStar Assurance issued their commercial property policy no. C/44/FI/22/0177 to United Property, Inc. with effective dates August 31, 2022 to August 30, 2023 subject to the follow limits of liability and deductible(s):

| | |
|---|---|
| Building | $414,375.00 |
| Windstorm deductible | 5% of the sum insured subject to a minimum of $2,500.00 |
| Earthquake deductible | 5% of the sum insured subject to a minimum of $2,500.00 |
| Volcanic Eruption deductible | 5% of the sum insured subject to a minimum of $2,500.00 |
| AOP deductible | $2,500.00 |

There is no mortgagee stated in the Policy.

Page 12 of 16 of policy form CP 10 20 10 12 states in pertinent part under "E. Loss Conditions":

**6. Vacancy**

**a. Description Of Terms**

**(1)** As used in this Vacancy Condition, the term building and the term vacant have the meanings set forth in **(1)(a)** and **(1)(b)** below:

**(a)** When this policy is issued to a tenant, and with respect to that tenant's interest in Covered Property, building means the unit or suite rented or leased to the tenant. Such building is vacant when it does not contain enough business personal property to conduct customary operations.

**(b)** When this policy is issued to the owner or general lessee of a building, building means the entire building. Such building is vacant unless at least 31% of its total square footage is:

(i) Rented to a lessee or sublessee and used by the lessee or sublessee to conduct its customary operations; and/or

(ii) Used by the building owner to conduct customary operations.

**(2)** Buildings under construction or renovation are not considered vacant.

**b. Vacancy Provisions**

If the building where loss or damage occurs has been vacant for more than 60 consecutive days before that loss or damage occurs:

**(1)** We will not pay for any loss or damage caused by any of the following, even if they are Covered Causes of Loss:

(a) Vandalism;

(b) Sprinkler leakage, unless you have protected the system against freezing;

(c) Building glass breakage;

(d) Water damage;

(e) Theft; or

(f) Attempted theft.

**(2)** With respect to Covered Causes of Loss other than those listed in **b.(1)(a)** through **b.(1)(f)** above, we will reduce the amount we would otherwise pay for the loss or damage by 15%.

* * *

Page 10-11 of policy form CP 00 10 10 12 states in pertinent part under "E. Loss Conditions":

**3. Duties In The Event Of Loss Or Damage**

**a.** You must see that the following are done in the event of loss or damage to Covered Property:

(1) Notify the police if a law may have been broken.

(2) Give us prompt notice of the loss or damage. Include a description of the property involved.

(3) As soon as possible, give us a description of how, when and where the loss or damage occurred.

(4) Take all reasonable steps to protect the Covered Property from further damage and keep a record of your expenses necessary to protect the Covered Property, for consideration in the settlement of the claim. This will not increase the Limit of Insurance. However, we will not pay for any subsequent loss or damage resulting from a cause of loss that is not a Covered Cause of Loss. Also, if feasible, set the damaged property aside and in the best possible order for examination.

(5) At our request, give us complete inventories of the damaged and undamaged property. Include quantities, costs, values and amount of loss claimed.

(6) As often as may be reasonably required, permit us to inspect the property proving the loss or damage and examine your books and records.

Also, permit us to take samples of damaged and undamaged property for inspection, testing and analysis, and permit us to make copies from your books and records.

(7) Send us a signed, sworn proof of loss containing the information we request to investigate the claim. You must do this within 60 days after our request. We will supply you with the necessary forms.

(8) Cooperate with us in the investigation or settlement of the claim.

**b.** We may examine any insured under oath, while not in the presence of any other insured and at such times as may be reasonably required, about any matter relating to this insurance or the claim, including an insured's books and records. In the event of an examination, an insured's answers must be signed.

* * *

Page 1-2 of policy form CP 10 20 10 12 states in pertinent part under "A. Covered Causes of Loss":

**A. Covered Causes Of Loss**

When Broad is shown in the Declarations, Covered Causes of Loss means the following:

**1. Fire.**

**2. Lightning.**

**3. Explosion...**

**4. Windstorm or Hail**, but not including:

a. Frost or cold weather;

b. Ice (other than hail), snow or sleet, whether driven by wind or not;

c. <u>**Loss or damage to the interior of any building or structure, or the property inside the building or structure, caused by rain, snow, sand or dust, whether driven by wind or not, unless the building or structure first sustains wind or hail damage to its roof or walls through which the rain, snow, sand or dust enters**</u>; (Emphasis supplied) or

d. Loss or damage by hail to lawns, trees, shrubs, or plants which are part of a vegetated roof.

**5. Smoke..**

**6. Aircraft or Vehicles...**

**7. Riot or Civil Commotion...**

**8. Vandalism...**

**9. Sprinkler leakage...**

**10. Sinkhole Collapse...**

**11. Volcanic Action**

**12. Falling Objects...**

**13. Weight of Snow, Ice, or Sleet**

**14. Water Damage**

**a.** Water Damage, meaning accidental discharge or leakage of water or steam as the direct result of the breaking apart or cracking of a plumbing, heating, air conditioning or other system or appliance, that is located on the described premises and contains water or steam.

However, Water Damage does not include:

(1) Discharge or leakage from:

(a) An Automatic Sprinkler System;

(b) A sump or related equipment and parts, including overflow due to sump pump failure or excessive volume of water; or

(c) Roof drains, gutters, downspouts or similar fixtures or equipment;

(2) The cost to repair any defect that caused the loss or damage;

(3) Loss or damage caused by or resulting from continuous or repeated seepage or leakage of water, or the presence or condensation of humidity, moisture or vapor, that occurs over a period of 14 days or more; or

(4) Loss or damage caused by or resulting from freezing, unless:

(a) You do your best to maintain heat in the building or structure; or

(b) You drain the equipment and shut off the water supply if the heat is not maintained.

**b.** If coverage applies subject to **a.** above, and the building or structure containing the system or appliance is Covered Property, we will also pay the cost to tear out and replace any part of the building or structure to repair damage to the system or appliance from which the water or steam escapes. But we will not pay the cost to repair any defect that caused the loss or damage.

* * *

Page 2-4 of 8 of policy form CP 10 20 10 12 states in pertinent part under “B. Exclusions”:

**2.** We will not pay for loss or damage caused by or resulting from:

* * *

**d.** Neglect of an insured to use all reasonable means to save and preserve property from further damage at and after the time of loss.

* * *

<u>CONCLUSION</u>

The claim you submitted was for windstorm damages resulting from Tropical Storm Fiona. You first notified agent Great Lakes Insurance (VI) of the loss on January 6, 2023 nearly four months after Tropical Storm Fiona passed through the Territory. Tropical Storm Fiona was primarily a rain event in the U.S. Virgin Islands. While strong wind gusts were reported, we would not expect these gusts to cause cracks or openings in roofing.

As stated fully above, the peril of Windstorm does not include “loss or damage to the interior of any building or structure, or the property inside the building or structure, caused by rain, snow, sand or dust, whether driven by wind or not, unless the building or structure first sustains wind or hail damage to its roof or walls through which the rain, snow, sand or dust enters”. No openings in the roof caused by wind were observed during the inspection. Rain is not a covered peril. Damages due to neglect are specifically excluded.

Significant deterioration, wear, and tear were observed during the inspections of your Property. See below photographs from the site visits:






Engineer Paul Ferreras determined that the damages observed at the Property are due to lack of maintenance poor construction practices:

> Based on our review of the conditions we find that the observed damaged areas are due to lack of maintenance and poor construction practices.
>
> It is our opinion that this roof membrane would not have been damaged if it was properly maintained in place. The large vegetation we found in place was a clue that roof maintenance was not performed.
>
> The rotted timber roof framing was not due to any wind or water intrusion on the DOL but was a result of long-term deterioration due to wet conditions over time. This rotting timber framing caused the collapse of the roofing brick and associated ceiling framing in the front of the store.
>
> The rusting cable and supports for the hung ceiling and lighting was also not due to the wind and water conditions on the DOL but due to a long-term corrosion issue.

The engineer concluded:

> Based on our site observation it is our opinion that the observed damage to the building is a result of worn roofing and lack of maintenance to the structure.

After careful review and consideration, RoyalStar has instructed us to respectfully deny this claim and advise that no payment will be issued. The damages observed at your Property do not appear to be the result of any peril covered by the Subject Policy. Even if the damages observed could be attributed to windstorm, the estimated repair cost would not exceed the windstorm deductible of $20,718.75 [$414,375.00 X 5% = $20,718.75].

RoyalStar's ability to adjust this claim has been substantially prejudiced by the failure to provide "prompt notice of the loss or damage" as required by the Subject Policy. This decision is based upon all information known at this time.

We appreciate this was not the outcome for which you were hoping. However, we trust you can understand the reasoning behind RoyalStar's decision not to pay claims for which the Subject Policy does not provide coverage.

Please note that the above is entirely without prejudice to any additional policy points which may arise. RoyalStar reserves all of their rights and defenses available to them under the Subject Policy, applicable law and at equity. Nothing in this letter or RoyalStar's investigation shall constitute a waiver or estoppel of RoyalStar's right to rely on any of the Subject Policy's terms, conditions, exclusions, endorsements, or other provisions.

RoyalStar reserves the right to supplement or amend this declination letter upon the discovery of additional facts, subject to the Subject Policy's terms, conditions, exclusions, endorsements, and other provisions, including those not discussed in this letter. No actions or statements of the undersigned, Sedgwick Claims Management Services, Inc. or of any other of RoyalStar's representatives, is intended to, nor should be construed to, waive, or create an estoppel to, any of RoyalStar's rights and defenses unless specifically stated in writing.

Please be advised that, if you object to the denial of coverage for this claim, you may have the matter reviewed by the U.S. Virgin Islands Division of Banking, Insurance & Financial Regulation by calling (340) 773-2991, or writing to the Division at the following address:

**Division of Banking, Insurance and Financial Regulation**
**5049 Kongens Gade**
**St. Thomas, Virgin Islands 00802**

If anything changes or comes to light which you believe may change RoyalStar's position, please do not hesitate to contact the undersigned or your local agent Great Lakes Insurance (VI).

Kind regards,

George Merritt, JD
Executive General Adjuster

CC: RoyalStar Assurance, Ltd.