**IN THE DISTRICT COURT OF THE VIRGIN ISLANDS**
**DIVISION OF ST. THOMAS AND ST. JOHN**

| | |
|---|---|
| UNITED PROPERTY, INC., | |
| Plaintiff, | CASE NO. 3:26-CV-19 |
| vs. | |
| ROYALSTAR ASSURANCE, LTD., | |
| Defendant. | |

**MOTION FOR LEAVE TO WITHDRAW AS COUNSEL AND TO EXTEND UPCOMING DEADLINES**

Javier Delgado, Esq., of Merlin Law Group, PLLC, moves for leave to withdraw as counsel for Plaintiff, UNITED PROPERTY, INC. Counsel also requests a 30 day extension of the November deadline to amend pleadings, and extend response to discovery by 30 days following entry of the withdrawal order, or until substitute counsel appears, whichever occurs first, subject to further order of the Court. In support, undersigned counsel states:

**FACTUAL BACKGROUND**

Undersigned counsel represents UNITED PROPERTY, INC. in this action. The undersigned counsel has elected to terminate the representation and seeks leave to withdraw because the client has not provided material information, documents, or cooperation necessary for counsel to continue the representation effectively.

Salem Zhudi always has been designated as the representative of UNITED PROPERTY, INC. for purposes of this insurance claim and cause of action. Undersigned counsel held numerous

video conference meetings, and in person meeting with client representative/s requesting additional information and requiring specific action with respect to the corporate entity.

**WITHDRAWAL OF REPRESENTATION**

Additionally, undersigned counsel requested complete written responses to its requests and supporting materials in letters dated September 2 and September 15, 2026. The September 15 letter established a final deadline of September 21, 2026, and warned that continued noncooperation could require withdrawal. Despite those notices, meetings, and additional communications, material deficiencies remain unresolved. The outstanding requests concern information, records, and participation necessary to establish the client's corporate status and authority, legal ownership of insured property, and to substantiate, and prosecute its claims. These deficiencies materially impair counsel's ability to fulfill the obligations of the representation. Additionally, information received has also created a conflict preventing the Undersigned Counsel from prosecuting this cause of action. Furthermore, Counsel cannot proceed with prosecuting the instant action because further prosecution is repugnant and Counsel has a fundamental disagreement with Plaintiff.

The Court's decision in determining whether to permit counsel to withdraw, district courts in the Third Circuit often weigh the following factors: (1) the reason for which the withdrawal is sought; (2) whether withdrawal will prejudice the parties; (3) whether withdrawal will interfere with the administration of justice; and (4) the degree to which withdrawal will delay the action." *Ludwig v. Speedway LLC*, No. 20-0824, 2021 WL 2223833, at *2 (E.D. Pa. June 2, 2021) (internal quotation marks and citation omitted). See *Chandler v. La-Z-Boy, Inc.,* 621 F. Supp. 3d 568, 573 (E.D. Pa. 2022). As explained herein, good cause exists in this matter giving Counsel permission to withdraw from representation of the Plaintiff. Counsel's withdrawal in this matter will not prejudice the parties as this matter has just begun, and Counsel is only seeking an extension of 30

days as to only one of the scheduled deadlines (deadline to amend complaint); the remaining deadlines are not affected.

The withdrawal will not interfere with the administration of justice because all other deadlines are not affected, and there is no real delay of the action because the discovery and dispositive motion deadlines are not affected.

> "Whether to allow plaintiff's counsel to withdraw her appearance lies within the discretion of this Court." *McCune v. First Jud. Dist. Prob. Dep't*, 99 F. Supp. 2d 565, 566 (E.D. Pa. 2000) (citation omitted). This inquiry is guided, at least in part, by Pennsylvania Rule of Professional Conduct 1.16(b),[2] which allows attorneys to withdraw from representation where "the client insists upon taking action that the lawyer considers repugnant or with which the lawyer has a fundamental disagreement." (2021).

See *Chandler*

The Local Rules have been complied with herein:

LRCi 5.2

(i) Current Representative – has always been Salem Zhudi, Mr. Salem Zhudi has also been the representative responsible for submitting the insurance claim to Defendant.

(ii) Mr. Salem Zhudi has been involved in communicating with Counsel via phone, Teams, and Zoom video conferences for the past 20 months.

(iii) The Plaintiff entity is no longer doing business and was administratively dissolved on February 13, 2023.

(iv) It is Counsel's decision to withdraw from the case for the reasons explained herein and explained in the attached exhibit 1. (Counsel retains an unredacted copy of letter referenced in exhibit 1).

(v) Counsel has provided the correspondence to Plaintiff (filed in Camera) to generally explain the basis for withdrawal.

On October 28, 2026, counsel provided written notice of the undersigned attorney's decision to terminate the representation seeking leave to withdraw, by email and USPS certified mail, addressed to United Property, Inc. to P.O. Box 9068, St. Thomas, USVI 00801, attention Salem Zhudi, Rushdi Zhudi, and Adlie Zudhi. The client has not responded to that notice. *See Exhibit 1.*

Additionally, on November 2, 2026, the written notice dated October 28, 2026, advising of the undersigned attorney's decision to terminate the representation and seek leave to withdraw, was sent by email, regular mail, and FedEx to Rushdi Zuhdi, Adlie Zhudi, and Salem Zhudi. Physical copies were addressed to Rushdi Zuhdi at 8014 Palm Lake Dr., Orlando, FL 32819-3904; Adlie Zhudi at 10450 Turkey Lake Rd., Unit 690066, Orlando, FL 32869-7504; and Salem Zhudi at both 11450 Marbella Palms Ct., Orlando, FL 32836-6234, and 3219 Estate Altona, Ste. 1, St. Thomas, VI 00802. *See Exhibit 2 (counsel retains unredacted copy of same letter referenced in Exh.2).* Neither the Company nor its representatives have responded to the notice.

A copy of this motion together with Defendant Royal Star's recently received First Interrogatories to Plaintiff and First Request for Production of Documents to Plaintiff in this matter has also been forwarded to Plaintiff's representatives Rushdi Zuhdi, Adlie Zhudi, and Salem Zhudi. Physical copies were addressed to Rushdi Zuhdi at 8014 Palm Lake Dr., Orlando, FL 32819-3904; Adlie Zhudi at 10450 Turkey Lake Rd., Unit 690066, Orlando, FL 32869-7504; and Salem Zhudi at 11450 Marbella Palms Ct., Orlando, FL 32836-6234, P.O. Box 9068, St. Thomas, USVI 00801 and 3219 Estate Altona, Ste. 1, St. Thomas, VI 00802. *See Exhibit 3 – (correspondence to Plaintiff representatives attaching copy of this motion).*

Undersigned Counsel repeatedly requested certain information and action on behalf of Plaintiff, none of which was ever provided or complied with. Additionally, certain information has been received which has created a conflict for the undersigned counsel to continue representation in this matter. As a result, a conflict exists between Plaintiff and it's Counsel, this conflict cannot be corrected or cured, and the undersigned counsel must withdraw from representation. Pursuant to LRCi 5.2(b) notice must be provided to the client, a verified statement concerning contact or attempted contact about withdrawal, and proof of service of the moving papers or an indication of efforts to serve them. The accompanying verified statement addresses these matters in compliance with LRCi 5.2(b) and 5.2)b)(2),(3*). See Exhibit 4 - Verified Statement.*

LRCi 5.3:

(i) Conduct of client failure to cooperate, take action with respect to the corporation, and provide information necessary to prosecute the case as identified in exhibit 1 filed in camera requires Counsel to withdraw from the case.

(ii) The necessity to withdraw is made in good faith and not at all intended to delay this matter.

(iii) Withdrawal from the case will not have a negative impact on the administration of justice, the two deadlines extended for 30 days will not impact the overall schedule set forth by the Court; additionally, the plaintiff entity is not active and was administratively dissolved on February 13, 2023.

(iv) Based on the information received and reviewed, Counsel's ethical obligation does preclude continued representation, issues pertaining to pre-existing conditions, ownership interests, plaintiff entity continuing to be inactive, etc.

(v) Plaintiff's lack of cooperation and refusal or inability to provide necessary information to prosecute this matter further contribute to Counsel's inability to represent Plaintiff in this matter.

The undersigned seeks to withdraw for the reasons explained herein including Plaintiff's continued noncooperation, and conflict of interest in this matter. Counsel seeks withdrawal in good faith to address the impaired attorney-client relationship and permit an orderly transition.

Plaintiff's continued lack of cooperation and conflict impairs counsel's ability to prosecute the claims and fulfill professional responsibilities. If necessary, counsel requests permission to provide additional information in camera under LRCi 5.2(b)(2) in compliance with applicable ethical rules.

Plaintiff is a corporation and must appear through licensed counsel under LRCi. 5.2(a). Substitute counsel must promptly file a notice of appearance under LRCi. 5.2(a)(4). The October 28 letter instructed Plaintiff to retain counsel promptly and warned of sanctions, dismissal, adverse orders, or other prejudice if it failed to obtain counsel and comply with Court orders.

Consistent with LRCi. 5.2(b)(3), counsel requests an order directing substitute counsel to appear within 30 days and expressly warning Plaintiff that failure to comply may result in its pleadings being stricken, dismissal, or an adverse judgment.

**EXTENSION OF NOVEMBER DEADLINE**

This action is at the initial-disclosure stage and Undersigned Counsel respectfully requests a 30-day extension of the November 30th Deadline, and a 30 day extension to respond to Defendant's discovery request, giving Plaintiff adequate time to find new Counsel.

The current deadlines, hearings, and trial settings are:

- A status conference is scheduled for November 17, 2026 at 9:30 a.m.

- Discovery requests were propounded by Defendant on November 9, 2026.
- The deadline for seeking leave to amend pleadings or add new parties is November 30, 2026.
- Fact discovery shall be completed by March 5, 2027.
- The parties shall commence mediation by April 30, 2027, or earlier as agreed.
- The Plaintiff shall identify any experts, and produce the required materials related thereto, on or before April 5, 2027.
- The Defendant shall identify any experts, and produce the required materials related thereto, on or before May 17, 2027.
- All expert discovery shall be completed by August 13, 2027.
- The parties shall file dispositive and expert-related motions no later than October 1, 2027. The time for filing responses and replies may not be extended without leave of Court.
- All motions in limine or to exclude evidence shall be filed no later than December 6, 2027. Any response shall be filed no later than seven days after the motion is served. Any reply shall be filed no later than five days after a response is served. The parties shall include all in limine requests in one motion, not to exceed 20 pages without leave of Court.
- The parties shall file their proposed joint final pretrial order in accordance with Appendix I to Local Rule 16.1 by no later than December 13, 2027.
- The parties shall file their proposed voir dire, proposed joint neutral statement, and proposed jury instructions no later than December 17, 2027.

- The parties shall file a trial brief or memorandum pursuant to Local Rule 16.1(c) no later than December 30, 2027.
- The trial of this matter is scheduled to begin promptly at 9:00 a.m. on January 10, 2028. The trial period extends from January 10, 2028 to January 28, 2028.

It is well settled, though, that "[t]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants. *See Landis v. North Am. Co.*, 299 U.S. 248, 254-55 (1936).

> Matters of docket control and the conduct of discovery have long been "committed to the sound discretion of the district court," *In re Fine Paper Antitrust Litig.*, 685 F.2d 810, 817 (3d Cir. 1982), including whether to stay discovery, *Ferguson v. USAA Gen. Indem. Co.*, 334 F.R.D. 407, 409 (M.D. Pa. 2019) (citing, inter alia, *In re Orthopedic Bone Screw Prod. Liab. Litig.*, 264 F.3d 344, 365 (3d Cir. 2001)). That discretion extends to decisions by U.S. Magistrate Judges. *See Harman v. Datte*, 427 F. App'x 240, 243 (3d Cir. 2011) (finding that magistrate judge did not abuse his discretion in staying discovery pending review of motions to dismiss the complaint); *see also Gibly v. Best Buy Co.,* 2022 WL 2413906, at *2 (D.N.J. Mar. 7, 2022) (" 'Magistrate Judges have broad discretion to manage their docket and to decide discovery issues, including whether to stay discovery pending a decision on a dispositive motion.' ") (quoting *Gerald Chamales Corp. v. Oki Data Ams., Inc.*, 247 F.R.D. 453, 454 (D.N.J. 2007))

*Ainger v. Great Am. Assurance Co*., No. 1:20-CV-00005-WAL-EAH, 2022 WL 3139079, at *5 (D.V.I. Aug. 4, 2022)

A brief stay would give Plaintiff an opportunity to retain counsel and allow successor counsel to review the file and address outstanding disclosure obligations. Because Plaintiff cannot

proceed without counsel, continuing the case during that transition would expose it to missed obligations and potential dismissal before new counsel can appear.

The requested stay is limited to 30 days, terminates earlier upon substitute counsel's appearance unless the Court orders otherwise, and leaves any extension to the Court upon a showing of good cause. Considering the case's early stage, this limited stay would avoid prejudice against the Defendant while avoiding proceedings that Plaintiff cannot properly participate in without counsel. The stay would not excuse compliance with the withdrawal order or the parties' continuing obligations to preserve evidence.

## CONCLUSION

Good cause exists for Counsel to withdraw in this matter. There is no prejudice or delay in extending the November 30th deadline by 30 days. Counsel has complied with the applicable requirements having provided Plaintiff with sufficient notice regarding its motion to withdraw.

WHEREFORE, undersigned counsel respectfully requests that the Court grant leave to withdraw, direct Plaintiff to retain substitute counsel and have counsel enter an appearance within 30 days, stay proceedings and unexpired deadlines during that transition as requested above, reset affected deadlines and settings by further order, and grant such other relief as the Court deems just.

Submitted this 11th day of November, 2026.

Respectfully submitted,

*/s/ Javier Delgado*__________

**JAVIER DELGADO, ESQ.**
VI Bar No.: R2065
MERLIN LAW GROUP, PLLC
777 S. Harbour Island Blvd., Suite 950
Tampa, FL 33602
Telephone: (813) 229-1000
Facsimile: (813) 229-3692
jdelgado@merlinlawgroup.com
jdteam@merlinlawgroup.com

## GOOD FAITH CONFERENCE

Pursuant to LOCAL RULE CIV. P. 7.1(e), counsel sought Defendant's consent on November 9th 2026, through Andrew C. Simpson, Esq. and discussed this matter on November 9th, 2026, at 1:00PM eastern time. Defendant does not oppose Counsel's Motion to for leave to withdraw.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 11th day of November, 2026, a true and correct copy of the foregoing was served via email upon:

Andrew C. Simpson
**ANDREW C. SIMPSON, P.C.,**
VI Bar No. 451
ANDREW C. SIMPSON, P.C.
2191 Church Street, Suite 5
Christiansted, VI 00820
Tel: 340.719.3900
asimpson@coralbrief.com

**Attorney for Defendant**

Submitted this 11th day of November, 2026.

Respectfully submitted,

*/s/ Javier Delgado*__________
**JAVIER DELGADO, ESQ.**
VI Bar No.: R2065
MERLIN LAW GROUP, PLLC
777 S. Harbour Island Blvd., Suite 950
Tampa, FL 33602
Telephone: (813) 229-1000
Facsimile: (813) 229-3692
jdelgado@merlinlawgroup.com
jdteam@merlinlawgroup.com