MERLIN
LAW GROUP

JAVIER DELGADO
777 S. HARBOUR ISLAND BLVD., SUITE 950
TAMPA, FL 33602

TELEPHONE (813) 229-1000
FACSIMILE (813) 229-3692
JDTeam@MerlinLawGroup.com

November 11, 2026

***Via Email, USPS Regular Mail and FedEx***
United Property, Inc.
Attn: Salem Zhudi
ship1937@gmail.com
P.O. Box 9068, St. Thomas, USVI 00801
11450 Marbella Palms Ct., Orlando, FL 32836-6234
3219 Estate Altona, Ste. 1, St. Thomas, VI 00802
CC: Rushdi Zuhdi
furnituregiant1976@gmail.com
8014 Palm Lake Dr., Orlando, FL 32819-3904
CC: Adlie Zhudi
10450 Turkey Lake Rd., Unit 690066, Orlando, FL 32869-7504
saedasalem15@gmail.com
zahisalem2020@gmail.com

RE: United Property, Inc. v. RoyalStar Assurance, Ltd.
Case No. 3:26-CV-19
25B Dronningens Gade, St. Thomas, USVI 00802
**Motion for Leave to Withdraw, Verified Statement, Exhibits, and Discovery Requests**

Dear Gentlemen:

Enclosed please find the Motion for Leave to Withdraw as Counsel and its Exhibits, including the Verified Statement, together with Defendant Royal Star's recently received First Interrogatories to Plaintiff and First Request for Production of Documents to Plaintiff in this matter.

Please review the enclosed materials promptly and provide the name and contact information of successor counsel as soon as possible.

Nothing in this letter extends any court deadline, waives any preservation obligation, or relieves United Property and its principals of their duty to cooperate while the motion to withdraw is pending. Time is of the essence. Please govern yourselves accordingly.

Sincerely,

**Javier Delgado, Esq.**
For the Firm

Enclosures

**IN THE DISTRICT COURT OF THE VIRGIN ISLANDS**
**DIVISION OF ST. THOMAS AND ST. JOHN**

| | | |
|---|---|---|
| UNITED PROPERTY, INC., | ) | |
| Plaintiff, | ) | CASE NO. 3:26-CV-19 |
| vs. | ) | |
| ROYALSTAR ASSURANCE, LTD., | ) | |
| Defendant. | ) | |

**MOTION FOR LEAVE TO WITHDRAW AS COUNSEL AND TO EXTEND UPCOMING DEADLINES**

Javier Delgado, Esq., of Merlin Law Group, PLLC, moves for leave to withdraw as counsel for Plaintiff, UNITED PROPERTY, INC. Counsel also requests a 30 day extension of the November deadline to amend pleadings, and extend response to discovery by 30 days following entry of the withdrawal order, or until substitute counsel appears, whichever occurs first, subject to further order of the Court. In support, undersigned counsel states:

**FACTUAL BACKGROUND**

Undersigned counsel represents UNITED PROPERTY, INC. in this action. The undersigned counsel has elected to terminate the representation and seeks leave to withdraw because the client has not provided material information, documents, or cooperation necessary for counsel to continue the representation effectively.

Salem Zhudi always has been designated as the representative of UNITED PROPERTY, INC. for purposes of this insurance claim and cause of action. Undersigned counsel held numerous

video conference meetings, and in person meeting with client representative/s requesting additional information and requiring specific action with respect to the corporate entity.

**WITHDRAWAL OF REPRESENTATION**

Additionally, undersigned counsel requested complete written responses to its requests and supporting materials in letters dated September 2 and September 15, 2026. The September 15 letter established a final deadline of September 21, 2026, and warned that continued noncooperation could require withdrawal. Despite those notices, meetings, and additional communications, material deficiencies remain unresolved. The outstanding requests concern information, records, and participation necessary to establish the client's corporate status and authority, legal ownership of insured property, and to substantiate, and prosecute its claims. These deficiencies materially impair counsel's ability to fulfill the obligations of the representation. Additionally, information received has also created a conflict preventing the Undersigned Counsel from prosecuting this cause of action. Furthermore, Counsel cannot proceed with prosecuting the instant action because further prosecution is repugnant and Counsel has a fundamental disagreement with Plaintiff.

The Court's decision in determining whether to permit counsel to withdraw, district courts in the Third Circuit often weigh the following factors: (1) the reason for which the withdrawal is sought; (2) whether withdrawal will prejudice the parties; (3) whether withdrawal will interfere with the administration of justice; and (4) the degree to which withdrawal will delay the action." *Ludwig v. Speedway LLC*, No. 20-0824, 2021 WL 2223833, at *2 (E.D. Pa. June 2, 2021) (internal quotation marks and citation omitted). See *Chandler v. La-Z-Boy, Inc.,* 621 F. Supp. 3d 568, 573 (E.D. Pa. 2022). As explained herein, good cause exists in this matter giving Counsel permission to withdraw from representation of the Plaintiff. Counsel's withdrawal in this matter will not prejudice the parties as this matter has just begun, and Counsel is only seeking an extension of 30

days as to only one of the scheduled deadlines (deadline to amend complaint); the remaining deadlines are not affected.

The withdrawal will not interfere with the administration of justice because all other deadlines are not affected, and there is no real delay of the action because the discovery and dispositive motion deadlines are not affected.

> "Whether to allow plaintiff's counsel to withdraw her appearance lies within the discretion of this Court." *McCune v. First Jud. Dist. Prob. Dep't*, 99 F. Supp. 2d 565, 566 (E.D. Pa. 2000) (citation omitted). This inquiry is guided, at least in part, by Pennsylvania Rule of Professional Conduct 1.16(b),[2] which allows attorneys to withdraw from representation where "the client insists upon taking action that the lawyer considers repugnant or with which the lawyer has a fundamental disagreement." (2021).

See *Chandler*

The Local Rules have been complied with herein:

LRCi 5.2

(i) Current Representative – has always been Salem Zhudi, Mr. Salem Zhudi has also been the representative responsible for submitting the insurance claim to Defendant.

(ii) Mr. Salem Zhudi has been involved in communicating with Counsel via phone, Teams, and Zoom video conferences for the past 20 months.

(iii) The Plaintiff entity is no longer doing business and was administratively dissolved on February 13, 2023.

(iv) It is Counsel's decision to withdraw from the case for the reasons explained herein and explained in the attached exhibit 1. (Counsel retains an unredacted copy of letter referenced in exhibit 1).

(v) Counsel has provided the correspondence to Plaintiff (filed in Camera) to generally explain the basis for withdrawal.

On October 28, 2026, counsel provided written notice of the undersigned attorney's decision to terminate the representation seeking leave to withdraw, by email and USPS certified mail, addressed to United Property, Inc. to P.O. Box 9068, St. Thomas, USVI 00801, attention Salem Zhudi, Rushdi Zhudi, and Adlie Zudhi. The client has not responded to that notice. *See Exhibit 1.*

Additionally, on November 2, 2026, the written notice dated October 28, 2026, advising of the undersigned attorney's decision to terminate the representation and seek leave to withdraw, was sent by email, regular mail, and FedEx to Rushdi Zuhdi, Adlie Zhudi, and Salem Zhudi. Physical copies were addressed to Rushdi Zuhdi at 8014 Palm Lake Dr., Orlando, FL 32819-3904; Adlie Zhudi at 10450 Turkey Lake Rd., Unit 690066, Orlando, FL 32869-7504; and Salem Zhudi at both 11450 Marbella Palms Ct., Orlando, FL 32836-6234, and 3219 Estate Altona, Ste. 1, St. Thomas, VI 00802. *See Exhibit 2 (counsel retains unredacted copy of same letter referenced in Exh.2).* Neither the Company nor its representatives have responded to the notice.

A copy of this motion together with Defendant Royal Star's recently received First Interrogatories to Plaintiff and First Request for Production of Documents to Plaintiff in this matter has also been forwarded to Plaintiff's representatives Rushdi Zuhdi, Adlie Zhudi, and Salem Zhudi. Physical copies were addressed to Rushdi Zuhdi at 8014 Palm Lake Dr., Orlando, FL 32819-3904; Adlie Zhudi at 10450 Turkey Lake Rd., Unit 690066, Orlando, FL 32869-7504; and Salem Zhudi at 11450 Marbella Palms Ct., Orlando, FL 32836-6234, P.O. Box 9068, St. Thomas, USVI 00801 and 3219 Estate Altona, Ste. 1, St. Thomas, VI 00802. *See Exhibit 3 – (correspondence to Plaintiff representatives attaching copy of this motion).*

Undersigned Counsel repeatedly requested certain information and action on behalf of Plaintiff, none of which was ever provided or complied with. Additionally, certain information has been received which has created a conflict for the undersigned counsel to continue representation in this matter. As a result, a conflict exists between Plaintiff and it's Counsel, this conflict cannot be corrected or cured, and the undersigned counsel must withdraw from representation. Pursuant to LRCi 5.2(b) notice must be provided to the client, a verified statement concerning contact or attempted contact about withdrawal, and proof of service of the moving papers or an indication of efforts to serve them. The accompanying verified statement addresses these matters in compliance with LRCi 5.2(b) and 5.2)b)(2),(3*). See Exhibit 4 - Verified Statement.*

LRCi 5.3:

(i) Conduct of client failure to cooperate, take action with respect to the corporation, and provide information necessary to prosecute the case as identified in exhibit 1 filed in camera requires Counsel to withdraw from the case.

(ii) The necessity to withdraw is made in good faith and not at all intended to delay this matter.

(iii) Withdrawal from the case will not have a negative impact on the administration of justice, the two deadlines extended for 30 days will not impact the overall schedule set forth by the Court; additionally, the plaintiff entity is not active and was administratively dissolved on February 13, 2023.

(iv) Based on the information received and reviewed, Counsel's ethical obligation does preclude continued representation, issues pertaining to pre-existing conditions, ownership interests, plaintiff entity continuing to be inactive, etc.

(v) Plaintiff's lack of cooperation and refusal or inability to provide necessary information to prosecute this matter further contribute to Counsel's inability to represent Plaintiff in this matter.

The undersigned seeks to withdraw for the reasons explained herein including Plaintiff's continued noncooperation, and conflict of interest in this matter. Counsel seeks withdrawal in good faith to address the impaired attorney-client relationship and permit an orderly transition.

Plaintiff's continued lack of cooperation and conflict impairs counsel's ability to prosecute the claims and fulfill professional responsibilities. If necessary, counsel requests permission to provide additional information in camera under LRCi 5.2(b)(2) in compliance with applicable ethical rules.

Plaintiff is a corporation and must appear through licensed counsel under LRCi. 5.2(a). Substitute counsel must promptly file a notice of appearance under LRCi. 5.2(a)(4). The October 28 letter instructed Plaintiff to retain counsel promptly and warned of sanctions, dismissal, adverse orders, or other prejudice if it failed to obtain counsel and comply with Court orders.

Consistent with LRCi. 5.2(b)(3), counsel requests an order directing substitute counsel to appear within 30 days and expressly warning Plaintiff that failure to comply may result in its pleadings being stricken, dismissal, or an adverse judgment.

**EXTENSION OF NOVEMBER DEADLINE**

This action is at the initial-disclosure stage and Undersigned Counsel respectfully requests a 30-day extension of the November 30th Deadline, and a 30 day extension to respond to Defendant's discovery request, giving Plaintiff adequate time to find new Counsel.

The current deadlines, hearings, and trial settings are:

- A status conference is scheduled for November 17, 2026 at 9:30 a.m.

- Discovery requests were propounded by Defendant on November 9, 2026.
- The deadline for seeking leave to amend pleadings or add new parties is November 30, 2026.
- Fact discovery shall be completed by March 5, 2027.
- The parties shall commence mediation by April 30, 2027, or earlier as agreed.
- The Plaintiff shall identify any experts, and produce the required materials related thereto, on or before April 5, 2027.
- The Defendant shall identify any experts, and produce the required materials related thereto, on or before May 17, 2027.
- All expert discovery shall be completed by August 13, 2027.
- The parties shall file dispositive and expert-related motions no later than October 1, 2027. The time for filing responses and replies may not be extended without leave of Court.
- All motions in limine or to exclude evidence shall be filed no later than December 6, 2027. Any response shall be filed no later than seven days after the motion is served. Any reply shall be filed no later than five days after a response is served. The parties shall include all in limine requests in one motion, not to exceed 20 pages without leave of Court.
- The parties shall file their proposed joint final pretrial order in accordance with Appendix I to Local Rule 16.1 by no later than December 13, 2027.
- The parties shall file their proposed voir dire, proposed joint neutral statement, and proposed jury instructions no later than December 17, 2027.

- The parties shall file a trial brief or memorandum pursuant to Local Rule 16.1(c) no later than December 30, 2027.
- The trial of this matter is scheduled to begin promptly at 9:00 a.m. on January 10, 2028. The trial period extends from January 10, 2028 to January 28, 2028.

It is well settled, though, that "[t]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants. *See Landis v. North Am. Co.*, 299 U.S. 248, 254-55 (1936).

> Matters of docket control and the conduct of discovery have long been "committed to the sound discretion of the district court," *In re Fine Paper Antitrust Litig.*, 685 F.2d 810, 817 (3d Cir. 1982), including whether to stay discovery, *Ferguson v. USAA Gen. Indem. Co.*, 334 F.R.D. 407, 409 (M.D. Pa. 2019) (citing, inter alia, *In re Orthopedic Bone Screw Prod. Liab. Litig.*, 264 F.3d 344, 365 (3d Cir. 2001)). That discretion extends to decisions by U.S. Magistrate Judges. *See Harman v. Datte*, 427 F. App'x 240, 243 (3d Cir. 2011) (finding that magistrate judge did not abuse his discretion in staying discovery pending review of motions to dismiss the complaint); *see also Gibly v. Best Buy Co.,* 2022 WL 2413906, at *2 (D.N.J. Mar. 7, 2022) (" 'Magistrate Judges have broad discretion to manage their docket and to decide discovery issues, including whether to stay discovery pending a decision on a dispositive motion.' ") (quoting *Gerald Chamales Corp. v. Oki Data Ams., Inc.*, 247 F.R.D. 453, 454 (D.N.J. 2007))

*Ainger v. Great Am. Assurance Co*., No. 1:20-CV-00005-WAL-EAH, 2022 WL 3139079, at *5 (D.V.I. Aug. 4, 2022)

A brief stay would give Plaintiff an opportunity to retain counsel and allow successor counsel to review the file and address outstanding disclosure obligations. Because Plaintiff cannot

proceed without counsel, continuing the case during that transition would expose it to missed obligations and potential dismissal before new counsel can appear.

The requested stay is limited to 30 days, terminates earlier upon substitute counsel's appearance unless the Court orders otherwise, and leaves any extension to the Court upon a showing of good cause. Considering the case's early stage, this limited stay would avoid prejudice against the Defendant while avoiding proceedings that Plaintiff cannot properly participate in without counsel. The stay would not excuse compliance with the withdrawal order or the parties' continuing obligations to preserve evidence.

**CONCLUSION**

Good cause exists for Counsel to withdraw in this matter. There is no prejudice or delay in extending the November 30th deadline by 30 days. Counsel has complied with the applicable requirements having provided Plaintiff with sufficient notice regarding its motion to withdraw.

WHEREFORE, undersigned counsel respectfully requests that the Court grant leave to withdraw, direct Plaintiff to retain substitute counsel and have counsel enter an appearance within 30 days, stay proceedings and unexpired deadlines during that transition as requested above, reset affected deadlines and settings by further order, and grant such other relief as the Court deems just.

Submitted this ____ day of November, 2026.

Respectfully submitted,

*/s/ Javier Delgado*_________
**JAVIER DELGADO, ESQ.**
VI Bar No.: R2065
MERLIN LAW GROUP, PLLC
777 S. Harbour Island Blvd., Suite 950
Tampa, FL 33602
Telephone: (813) 229-1000
Facsimile: (813) 229-3692
jdelgado@merlinlawgroup.com
jdteam@merlinlawgroup.com

**GOOD FAITH CONFERENCE**

Pursuant to LOCAL RULE CIV. P. 7.1(e), counsel sought Defendant's consent on November 9th 2026, through Andrew C. Simpson, Esq. and discussed this matter on November 9th, 2026, at 1:00PM eastern time. Defendant does not oppose Counsel's Motion to for leave to withdraw.

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this ___ day of November, 2026, a true and correct copy of the foregoing was served via email upon:

Andrew C. Simpson
**ANDREW C. SIMPSON, P.C.,**
VI Bar No. 451
ANDREW C. SIMPSON, P.C.
2191 Church Street, Suite 5
Christiansted, VI 00820
Tel: 340.719.3900
asimpson@coralbrief.com

**Attorney for Defendant**

Submitted this ____ day of November, 2026.

Respectfully submitted,

*/s/ Javier Delgado*__________
**JAVIER DELGADO, ESQ.**
VI Bar No.: R2065
MERLIN LAW GROUP, PLLC
777 S. Harbour Island Blvd., Suite 950
Tampa, FL 33602
Telephone: (813) 229-1000
Facsimile: (813) 229-3692
jdelgado@merlinlawgroup.com
jdteam@merlinlawgroup.com

| | |
|---|---|
| **From:** | Luis F. Silva Echeandía |
| **To:** | rudi zuhdi; Sam Sam; zahisalem2020@gmail.com |
| **Cc:** | Javier Delgado; Thelma Amaro |
| **Subject:** | RE: United Property, Inc. v. RoyalStar Assurance, Ltd. (3:26-CV-19) - Termination of Representation and Intent to Seek Leave to Withdraw |
| **Date:** | Wednesday, October 28, 2026 5:04:00 PM |
| **Attachments:** | 10.28.2026 Letter Withdrawal United Property, Inc. - Virgin Islands.pdf<br>USPS Salam Zhudi.pdf |
| **Importance:** | High |

Good afternoon all,

Attached please find our letter regarding Termination of Representation and Intent to Seek Leave to Withdraw in the above-referenced matter.

Please review the attached letter carefully and confirm receipt of this email and the attachment.

If you have any questions, please let us know.

Thank you,

MERLIN
LAW GROUP

JAVIER DELGADO
777 S. HARBOUR ISLAND BLVD., SUITE 950
TAMPA, FL 33602

TELEPHONE (813) 229-1000
FACSIMILE (813) 229-3692
JDTeam@MerlinLawGroup.com

October 28, 2026

***Via Email & USPS Certified Mail***
***No. 9407 1098 9864 3587 1557 88***
United Property, Inc.
Attn: Salem Zhudi
Rushdi Zhudi
Adlie Zudhi
P.O. Box 9068
St. Thomas, USVI 00801
ship1937@gmail.com
furnituregiant1976@gmail.com
saedasalem15@gmail.com
zahisalem2020@gmail.com

RE: United Property, Inc. v. RoyalStar Assurance, Ltd.
Case No. 3:26-CV-19
25B Dronningens Gade, St. Thomas, USVI 00802
**Termination of Representation and Intent to Seek Leave to Withdraw**

Dear Gentlemen:

This letter confirms that Merlin Law Group has decided to terminate its representation of United Property, Inc. in the above-referenced action and will promptly seek leave of court to withdraw as counsel. Because the case is pending in federal court, the firm will remain counsel of record unless and until the Court grants the requested withdrawal.

REDACTED - ATTORNEY-CLIENT PRIVILEGE

[redacted]

REDACTED - ATTORNEY-CLIENT PRIVILEGE

[redacted]

REDACTED - ATTORNEY-CLIENT PRIVILEGE

United Property must promptly retain new counsel. A corporation cannot represent itself in federal court, and the Court's deadlines and orders remain in effect unless the Court provides otherwise. Failure to retain substitute counsel and comply with all deadlines may result in

sanctions, dismissal, entry of adverse orders, or other prejudice to the company's rights. We encourage you to provide this letter and the case information to prospective counsel immediately.

REDACTED - ATTORNEY-CLIENT PRIVILEGE

Please provide the name and contact information of successor counsel as soon as possible.

REDACTED - ATTORNEY-CLIENT PRIVILEGE

Sincerely,



**Javier Delgado, Esq.**
For the Firm

LUIS SILVA
MERLIN LAW GROUP
777 S HARBOUR ISLAND BLVD,
STE 950
TAMPA FL 33602-5747

**USPS CERTIFIED MAIL**

9407 1098 9864 3587 1557 88

PITNEY BOWES
$6.62 0
US POSTAGE IMI
FIRST-CLASS
028W0002311084
2000327928
ZIP 33602
OCT 28 2026

SALEM ZHUD
UNITED PROPERTY, INC.
PO BOX 9068
ST THOMAS VI 00801-2068

ALERT: IMPACTS FROM FLOODING IN THE SOUTHWEST AND SOUTHERN REGIONS OF THE U...

# USPS Tracking®

FAQs >

Tracking Number:

Remove ✕

**9407109898643587155788**

Copy Schedule a Redelivery

## Latest Update

This is a reminder to arrange for redelivery of your item before November 21, 2026 or your item will be returned on November 22, 2026. You may arrange redelivery by using the Schedule a Redelivery feature on this page or may pick up the item at the Post Office indicated on the notice.

---

**Get More Out of USPS Tracking:**

USPS Tracking Plus®

## Delivery Attempt: Action Needed

**Reminder to Schedule Redelivery of your item before November 21, 2026**

November 8, 2026

**Available for Pickup**

CHARLOTTE AMALIE
9846 ESTATE THOMAS
ST THOMAS VI 00802-9998
Mon,Tue,Wed,Thu,Fri 7:30 AM-5:00 PM
Sun,Holiday 9:00 AM-1:00 PM
November 7, 2026 6:40 AM

**Available for Pickup**

CHARLOTTE AMALIE
9846 ESTATE THOMAS
ST THOMAS VI 00802-9998
Mon,Tue,Wed,Thu,Fri 7:30 AM-5:00 PM
Sun,Holiday 9:00 AM-1:00 PM
November 3, 2026 6:00 AM

**Arrived at USPS Facility**

CAROLINA, PR 00983
October 31, 2026 9:45 AM

**Arrived at USPS Facility**

TAMPA, FL 33630
October 29, 2026 11:00 PM

**Accepted at USPS Facility**

TAMPA, FL 33602
October 29, 2026 9:45 PM

**Pre-Shipment Info Sent to USPS**

October 28, 2026

**Hide Tracking History**

**What Do USPS Tracking Statuses Mean?**

**Text & Email Updates**

**Schedule Redelivery**

**USPS Tracking Plus®**

**Product Information**

**See Less**

Track Another Package

Enter tracking or barcode numbers

## Need More Help?

Contact USPS Tracking support for further assistance.

# FAQs

MERLIN
LAW GROUP

JAVIER DELGADO
777 S. HARBOUR ISLAND BLVD., SUITE 950
TAMPA, FL 33602

TELEPHONE (813) 229-1000
FACSIMILE (813) 229-3692
JDTeam@MerlinLawGroup.com

October 28, 2026

***Via Email & USPS Certified Mail***
***No. 9407 1098 9864 3587 1557 88***
United Property, Inc.
Attn: Salem Zhudi
Rushdi Zhudi
Adlie Zudhi
P.O. Box 9068
St. Thomas, USVI 00801
ship1937@gmail.com
furnituregiant1976@gmail.com
saedasalem15@gmail.com
zahisalem2020@gmail.com

RE: United Property, Inc. v. RoyalStar Assurance, Ltd.
Case No. 3:26-CV-19
25B Dronningens Gade, St. Thomas, USVI 00802
**Termination of Representation and Intent to Seek Leave to Withdraw**

Dear Gentlemen:

This letter confirms that Merlin Law Group has decided to terminate its representation of United Property, Inc. in the above-referenced action and will promptly seek leave of court to withdraw as counsel. Because the case is pending in federal court, the firm will remain counsel of record unless and until the Court grants the requested withdrawal.

REDACTED - ATTORNEY-CLIENT PRIVILEGE

[redacted]

REDACTED - ATTORNEY-CLIENT PRIVILEGE

[redacted]

REDACTED - ATTORNEY-CLIENT PRIVILEGE

United Property must promptly retain new counsel. A corporation cannot represent itself in federal court, and the Court's deadlines and orders remain in effect unless the Court provides otherwise. Failure to retain substitute counsel and comply with all deadlines may result in

sanctions, dismissal, entry of adverse orders, or other prejudice to the company's rights. We encourage you to provide this letter and the case information to prospective counsel immediately.

REDACTED - ATTORNEY-CLIENT PRIVILEGE

Please provide the name and contact information of successor counsel as soon as possible.

REDACTED - ATTORNEY-CLIENT PRIVILEGE

Sincerely,



**Javier Delgado, Esq.**
For the Firm

**From:** Thelma Amaro
**To:** Luis F. Silva Echeandía; Javier Delgado
**Subject:** SALEM ZHUDI-rcvd Fedex Package in USVI today---FW: Your shipment was delivered 879586925882
**Date:** Thursday, November 5, 2026 5:48:47 PM
**Attachments:** image130235.png
image644286.png
image549143.png
image209063.png
image141079.png

**Thelma Amaro**
Paralegal to Javier Delgado
1980 Post Oak Blvd
Suite 200
Houston, TX 77056
TEL: (713) 626-8880
Direct:(713) 461-0039
FAX: (713) 626-8881
merlinlawgroup.com

MERLIN LAW GROUP

PROPERTY INSURANCE COVERAGE LAW BLOG
Subscribe for industry insights.

Atlanta | Chicago | Cincinnati | Dallas | Denver | Houston | Jacksonville | Los Angeles | New Orleans
New York | Oklahoma City | Red Bank | San Francisco | Seattle | Tampa | West Palm Beach

Privilege and Confidentiality Notice: The information contained in this e-mail and any attachments may be legally privileged and confidential. If you are not the intended recipient or the employee or agent responsible for delivering the transmittal to the intended recipient, you are hereby notified that any dissemination, distribution, or copying of this e-mail is strictly prohibited. If you have received this e-mail in error, please notify the sender and permanently delete the e-mail and any attachment immediately. You should not retain, copy or use this e-mail or any attachment for any purpose, nor disclose all or any part of the content to any person. Thank you.

**From:** FedEx Tracking <TrackingUpdates@fedex.com>
**Sent:** Thursday, November 5, 2026 3:48 PM
**To:** Thelma Amaro <tamaro@merlinlawgroup.com>
**Subject:** Your shipment was delivered 879586925882

We've included the delivery details for you

# Your shipment was delivered.

Delivery Date

Thu, 11/05/2026
5:43pm

## Get alerts on future deliveries

Stay informed with delivery notifications for all your shipments. You can also share delivery instructions and manage your delivery.

SIGN UP

Received by

A.SALEM

Report missing package

How was your experience with FedEx international shipping?

## Tracking details

| | |
|---|---|
| Tracking ID | 879586925882 |
| From | JAVIER DELGADO<br>MERLIN LAW GROUP<br>777 S. HARBOUR ISLAND BLVD.<br>SUITE 950<br>TAMPA, FL, US<br>33602 |
| To | SALEM ZHUDI<br>3219 ESTATE ALTONA STE 1<br>ST. THOMASVI<br>00802 |
| Ship date | Mon 11/02/2026 06:12 PM |
| Number of pieces | 1 |
| Total shipment weight | 0.50 LB |
| Service | FedEx International Priority® |

| | |
|---|---|
| Reference | United Property |
| Shipper reference | United Property |

TRACK SHIPMENT

Please do not reply to this message. This email was sent from an unattended mailbox.

All weights are estimated.

© 2026 FedEx. All rights reserved.

Scammers can pose as legitimate organizations to seem convincing. We encourage you to stay cautious of unknown messages – delete them and visit the FedEx Fraud & Security page to help keep your information safe.

Thank you for your business.

Terms of Use
Privacy notice
Support
Fraud & security
ID 1026

**From:** FedEx Tracking
**To:** Luis F. Silva Echeandía
**Subject:** Your shipment was delivered 879587101022
**Date:** Tuesday, November 3, 2026 12:03:26 PM

You don't often get email from trackingupdates@fedex.com. Learn why this is important

# Your shipment was delivered.

Delivery Date

Tue, 11/03/2026
10:57am

## Get alerts on future deliveries

Stay informed with delivery notifications for all your shipments. You can also share delivery instructions and manage your delivery.

SIGN UP

Delivered to

8014 PALM LAKE DRnull, ORLANDO, FL 32819




Delivery picture not showing?
View in browser

GET PROOF OF DELIVERY

Report missing package

## How was your delivery?

## Tracking details

| | |
|---|---|
| Tracking ID | 879587101022 |
| From | Javier Delgado<br>Merlin Law Group<br>777 S. Harbour Island Blvd.<br>Suite 950<br>TAMPA, FL, US<br>33602 |
| To | Rushdi Zhudi<br>8014 PALM LAKE DR<br>ORLANDO, FL, US<br>32819 |
| Ship date | Mon 11/02/2026 06:12 PM |
| Number of pieces | 1 |
| Total shipment weight | 0.50 LB |
| Service | FedEx Priority Overnight® |
| Reference | United Property |
| Shipper reference | United Property |

TRACK SHIPMENT

FedEx

## Track your package and see when it's coming

With Map View, follow your package's journey and get an estimated delivery time window—so you can plan ahead and avoid missed deliveries.

DOWNLOAD THE MOBILE APP

---

Please do not reply to this message. This email was sent from an unattended mailbox.

All weights are estimated.

© 2026 FedEx. All rights reserved.

Scammers can pose as legitimate organizations to seem convincing. We encourage you to stay cautious of unknown messages – delete them and visit the FedEx Fraud & Security page to help keep your information safe.

Thank you for your business.

Terms of Use
Privacy notice
Support
Fraud & security

ID 1026

**From:** FedEx Tracking
**To:** Luis F. Silva Echeandía
**Subject:** Your shipment was delivered 879587703683
**Date:** Wednesday, November 4, 2026 12:50:01 PM

You don't often get email from trackingupdates@fedex.com. Learn why this is important

# Your shipment was delivered.

Delivery Date

Wed, 11/04/2026
11:43am

## Get alerts on future deliveries

Stay informed with delivery notifications for all your shipments. You can also share delivery instructions and manage your delivery.

SIGN UP

Delivered to

10450 TURKEY LAKE RDnull, ORLANDO, FL 32869

Received by

B.Betsincourt

Report missing package

## How was your delivery?

## Tracking details

| | |
|---|---|
| Tracking ID | 879587703683 |
| From | Javier Delgado<br>Merlin Law Group<br>777 S. Harbour Island Blvd.<br>Suite 950<br>TAMPA, FL, US<br>33602 |
| To | Adlie Zhudi<br>10450 TURKEY LAKE RD<br>UNIT 690066<br>ORLANDO, FL, US<br>32869 |
| Ship date | Mon 11/02/2026 06:12 PM |
| Number of pieces | 1 |
| Total shipment weight | 0.50 LB |
| Service | FedEx Priority Overnight® |
| Reference | United Property |
| Shipper reference | United Property |

TRACK SHIPMENT

FedEx

## Track your package and see when it's coming

With Map View, follow your package's journey and get an estimated delivery time window—so you can plan ahead and avoid missed deliveries.

DOWNLOAD THE MOBILE APP

Please do not reply to this message. This email was sent from an unattended mailbox.

All weights are estimated.

© 2026 FedEx. All rights reserved.

Scammers can pose as legitimate organizations to seem convincing. We encourage you to stay cautious of unknown messages – delete them and visit the FedEx Fraud & Security page to help keep your information safe.

Thank you for your business.

Terms of Use

Privacy notice

Support

Fraud & security

ID 1026

**IN THE DISTRICT COURT OF THE VIRGIN ISLANDS**
**DIVISION OF ST. THOMAS AND ST. JOHN**

UNITED PROPERTY, INC.,

Plaintiff,

vs.

ROYALSTAR ASSURANCE, LTD.,

Defendant.

CASE NO. 3:26-CV-19

**VERIFIED STATEMENT OF JAVIER DELGADO, ESQ.**

I, Javier Delgado, Esq., declare as follows in support of the Motion for Leave to Withdraw as Counsel and to Extend November Deadline in United Property, Inc. v. RoyalStar Assurance, Ltd., Case No. 3:26-CV-19:

1. I am an attorney with Merlin Law Group, PLLC, and counsel for Plaintiff, United Property, Inc. (the "Company"). I have personal knowledge of the facts stated below.

2. Salem Zhudi has served as the Company's designated representative in connection with this insurance claim and litigation and has communicated with the firm in that capacity. We have been conducting meetings with Mr. Salem Zhudi since June 18, 2025, regarding the efforts necessary on his behalf, and necessary information to continue representation in this matter.

3. I have also participated in numerous subsequent videoconferences and an in-person meeting with the Company's representatives, including Rushdi Zhudi, to request information and action concerning the Company's affairs. The records requested to establish the Company's

current ownership, officers, directors, and corporate authority remain incomplete, and ownership of the subject property at issue.

4. We previously requested in writing as early as June 25, 2025, the necessary information and action on behalf of Plaintiff to re-instate the entity; and also provided additional written requests in letters dated September 2 and September 15, 2026. The September 15 letter established September 21, 2026, as the final deadline for compliance and advised that continued noncooperation could require the firm to withdraw from the representation.

5. On October 28, 2026, Counsel sent Plaintiff's Representatives written notice of termination of representation and intent to seek leave to withdraw by email and USPS Certified Mail. The mailed notice was addressed to the Company, attention Salem Zhudi, Rushdi Zhudi, and Adlie Zudhi, at P.O. Box 9068, St. Thomas, USVI 00801. The notice was also emailed to ship1937@gmail.com, furnituregiant1976@gmail.com, saedasalem15@gmail.com, and zahisalem2020@gmail.com. See Exhibit 1.

6. Additionally, on November 2, 2026, the written notice dated October 28, 2026, advising of the undersigned attorney's decision to terminate the representation and seek leave to withdraw, was sent by email, regular mail, and FedEx to Rushdi Zuhdi, Adlie Zhudi, and Salem Zhudi. Physical copies were addressed to Rushdi Zuhdi at 8014 Palm Lake Dr., Orlando, FL 32819-3904; Adlie Zhudi at 10450 Turkey Lake Rd., Unit 690066, Orlando, FL 32869-7504; and Salem Zhudi at both 11450 Marbella Palms Ct., Orlando, FL 32836-6234, and 3219 Estate Altona, Ste. 1, St. Thomas, VI 00802. See Exhibit 2. Neither the Company nor its representatives have responded to the notice.

7. On November 9, 2026, undersigned counsel sent, via email, USPS Certified Mail, and FedEx, the proposed Motion for Leave to Withdraw and Exhibits 1–4, including the Verified

Statement attached as Exhibit 4, together with Defendant Royal Star's recently received First Interrogatories to Plaintiff and First Request for Production of Documents to Plaintiff in this matter to Rushdi Zuhdi, Adlie Zhudi, and Salem Zhudi. Physical copies were addressed to Rushdi Zuhdi at 8014 Palm Lake Dr., Orlando, FL 32819-3904; Adlie Zhudi at 10450 Turkey Lake Rd., Unit 690066, Orlando, FL 32869-7504; and Salem Zhudi at 11450 Marbella Palms Ct., Orlando, FL 32836-6234, P.O. Box 9068, St. Thomas, USVI 00801 and 3219 Estate Altona, Ste. 1, St. Thomas, VI 00802. See Exhibit 3.

8. Pursuant to Local Rule of Civil Procedure 7.1(e), undersigned counsel sought Defendant's consent to the Motion for Leave to Withdraw through Defendant's counsel, Andrew C. Simpson, Esq., on October 28, 2026. Counsel conferred regarding the motion on November 9, 2026, at 1:00 p.m. Eastern Time. Defendant does not oppose the motion.

I declare under penalty of perjury that the foregoing is true and correct. Executed on November 10, 2026 at ____________________.

______________________________

Javier Delgado, Esq.

**From:** Andrew C. Simpson
**To:** Javier Delgado; Thelma Amaro; Luis F. Silva Echeandía
**Subject:** Service of Discovery - United Property, Inc. v. RoyalStar Assurance Ltd.
**Date:** Monday, November 9, 2026 1:44:17 PM
**Attachments:** RoyalStar First RFPs to Plaintiff.pdf
RoyalStar First RFPs to Plaintiff.docx
RoyalStar First Interrogatories to Plaintiff.pdf
RoyalStar First Interrogatories to Plaintiff.docx

---

**Attached in both PDF and Word formats are RoyalStar's first set of interrogatories and first request for production of documents in the subject matter.**

**Kind regards,**

**Andy Simpson**
**Andrew C. Simpson P.C.**
**2191 Church St., Ste. 5**
**Christiansted, St. Croix**
**U.S. Virgin Islands 00820**
**340.719.3900 x101**
**645-225-4701 (direct)**

**email: asimpson@coralbrief.com <mailto:asimpson@coralbrief.com>**
**web: http://www.coralbrief.com <http://www.coralbrief.com/>**

Fellow, American Academy of Appellate Lawyers <https://www.appellateacademy.org/>
Member, Federation of Defense and Corporate Counsel <https://www.thefederation.org/>
Member, The Harmonie Group <https://www.harmonie.org/>

This e-mail is intended only for the use of the individual or entity to which it is addressed, and may contain information that is privileged, confidential or exempt from disclosure under applicable law. Unintended transmission shall not constitute waiver of the attorney-client or any other privilege. If you have received this communication in error, please do not distribute it and notify us immediately by email: asimpson@coralbrief.com or via telephone: 340-719-3900 and delete the original message. Unless expressly stated in this e-mail, nothing in this message or any attachment should be construed as a digital or electronic signature, as a legal opinion, or as an agreement to engage our services. To engage our services, you must have a fully executed retainer agreement or engagement letter.

IN THE DISTRICT COURT OF THE VIRGIN ISLANDS

DIVISION OF ST. THOMAS AND ST. JOHN

UNITED PROPERTY, INC.,

PLAINTIFF,

VS.

ROYALSTAR ASSURANCE LTD.,

DEFENDANT.

CASE NO. 3:26-CV-19

**DEFENDANT ROYALSTAR ASSURANCE LTD.'S FIRST SET OF INTERROGATORIES TO PLAINTIFF UNITED PROPERTY, INC.**

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure and LRCi 33.1, Defendant RoyalStar Assurance Ltd. ("RoyalStar") requests that Plaintiff United Property, Inc. answer the following Interrogatories separately and fully, in writing and under oath, and serve its answers on the undersigned within thirty (30) days after service.

## DEFINITIONS

1. **"Plaintiff," "You," and "Your"** mean United Property, Inc. and each of its present and former officers, directors, shareholders, employees, agents, and representatives, and every other person acting or purporting to act on its behalf, including Zahi Zuhdi Salem (identified in Plaintiff's Rule 26(a)(1) disclosures as "Salem Zhudi").

2. **"RoyalStar"** means Defendant RoyalStar Assurance Ltd.

3. **"Policy"** means Commercial Property Insurance Policy No. C/44/FI/22/0177 issued by RoyalStar to United Property, Inc. for the period August 31, 2022 to August 30, 2023, including its declarations, schedules, forms, and endorsements.

4. **"Property"** means the real property located at 25 Dronningens Gade/Main Street, St. Thomas, U.S. Virgin Islands 00802. **"Building"** means the building on the Property, including its roof, roof membrane, roof framing, rooftop equipment, and suspended ceiling, and every portion of the building however designated.

5. **"Fiona"** means the storm system named Fiona that passed near St. Thomas on or about September 17–18, 2022.

6. **"Loss"** means all loss of or damage to the Building or its contents for which You seek recovery in this action, including the loss and damage alleged in paragraphs 10 through 25 of the Second Amended Complaint [ECF 14].

7. **"Alleged Collapse"** means the "collapse," "abrupt collapse," and "collapse of the roof system" alleged in paragraphs 10, 11, 19, 21, and 24 of the Second Amended Complaint.

8. **"Claim"** means the claim You submitted under the Policy for the Loss, beginning with the property loss notice dated January 6, 2023, together with every supplement or amendment to it.

9. **"Contents"** means all personal property for which You seek recovery in this action, including the property valued at $132,964.85 (actual cash value) in paragraphs 22 and 25 of the Second Amended Complaint.

10. **"Insurance Application Documents"** means each document prepared by you or on your behalf that was submitted to or prepared for RoyalStar, the Broker, or the Agent in connection with procuring the Policy.

11. **"Broker"** means Caribbean Risk Group, LLC, and **"Agent"** means Great Lakes Insurance (VI), each including its owners, employees, and representatives.

12. **"Person"** means any natural person, corporation, limited liability company, partnership, association, governmental entity or agency, or other entity.

13. **"Document"** has the full meaning given in Fed. R. Civ. P. 34(a)(1)(A) and includes electronically stored information, e-mail, text messages, messages sent through WhatsApp or any other messaging application, social-media messages, photographs, video recordings, and all drafts and non-identical copies.

14. **"Communication"** means any transmission of information by any means, whether oral, written, or electronic.

15. **"Identify"** means: (a) as to a natural person, to state the person's full name, last known residential and business addresses, telephone number, e-mail address, employer and position, and relationship to You; (b) as to any other Person, to state its full name, form of organization, address, and the natural person(s) with whom You dealt; (c) as to a Document, to state its type, date, author, recipient(s), and subject matter, and either its Bates number, if produced, or the name of its present custodian; and (d) as to a Communication, to state its date, mode, participants, and substance, and to identify each Document that records it.

16. **"Relating to"** means concerning, referring to, describing, evidencing, constituting, or reflecting.

17. **"Relevant Period"** means January 1, 2016 through the date of Your answers.

## INSTRUCTIONS

1. Answer each Interrogatory separately and fully, in writing and under oath, as required by Fed. R. Civ. P. 33(b)(3). Furnish all information available to You, including information in the possession of Your attorneys, agents, adjusters, consultants, and other persons acting on Your behalf, unless privileged.

2. If You cannot answer an Interrogatory in full after reasonable inquiry, answer it to the extent possible, state why You cannot answer the remainder, and state whatever information You have concerning the unanswered portion.

3. State the grounds for any objection with specificity, as required by Fed. R. Civ. P. 33(b)(4), and answer every portion of the Interrogatory to which the objection does not apply.

4. If You withhold any information on a claim of privilege or work-product protection, describe the nature of the information withheld in the manner required by Fed. R. Civ. P. 26(b)(5)(A).

5. If You answer any Interrogatory by reference to business records under Fed. R. Civ. P. 33(d), specify the records by Bates number or with sufficient detail to enable RoyalStar to locate and identify them as readily as You could.

6. Unless an Interrogatory states otherwise, it covers the Relevant Period.

7. The singular includes the plural and vice versa; "and" and "or" are to be read both conjunctively and disjunctively; "any," "each," and "all" each mean "any, each, and all"; and the use of any tense of a verb includes all other tenses.

8. These Interrogatories are served in an electronic format that facilitates the insertion of answers, as LRCi 33.1(a) requires. Insert each answer immediately following the Interrogatory to which it responds, and serve the original verified answers on the undersigned.

9. These Interrogatories are continuing. You must supplement or correct Your answers as required by Fed. R. Civ. P. 26(e).

## INTERROGATORIES

**INTERROGATORY NO. 1:**

Identify each person who answered, assisted in answering, or supplied information used in answering these Interrogatories, and state the number of each Interrogatory as to which each such person supplied information.

**ANSWER:**

**INTERROGATORY NO. 2:**

Identify each person who served as an officer, director, or shareholder of United Property, Inc. at any time during the Relevant Period, and state for each the office(s) held, the dates of service, and the percentage of shares held.

**ANSWER:**

**INTERROGATORY NO. 3:**

Identify each person who, during the Relevant Period, worked at the Building, held keys or other means of access to it, or had any responsibility for its inspection, maintenance, repair, or security, including employees, property managers, caretakers, security or alarm companies, and family members of Your shareholders, and state for each the nature and dates of that person's role.

**ANSWER:**

**INTERROGATORY NO. 4:**

For the Relevant Period, state how the Building was used, identifying for each period each person (including You) that occupied or used any part of the Building, the nature of the business conducted there, the approximate portion of the Building's square footage used, and the beginning and ending dates of the use; and identify each period during which no part of the Building was used to conduct business operations.

**ANSWER:**

**INTERROGATORY NO. 5:**

Identify each effort made during the Relevant Period to lease or sell all or part of the Building, including each real estate broker or listing agent engaged, each advertisement or listing, each prospective tenant or purchaser who expressed interest, and each offer, letter of intent, or proposed lease made or received, and state the outcome of each.

**ANSWER:**

**INTERROGATORY NO. 6:**

For each statement in the Insurance Application Documents concerning the use or occupancy of the Building—including the statements "Rented-long term," "vacant until rented out commercial space," "Retail," "Retail Rented Space," "Retail Store," and "vacant until rented," and the statements that the Building had no other occupants and was not rented to others—identify each person who supplied the information on which the statement was based, and state the information that person supplied.

**ANSWER:**

**INTERROGATORY NO. 7:**

Identify each person who requested or arranged Endorsement No. 01 to the Policy, effective September 7, 2022, which added $150,000 in coverage for "Contents: Fixtures / Jewellery casings," and state the reason the endorsement was requested.

**ANSWER:**

**INTERROGATORY NO. 8:**

Identify each policy of property insurance, other than the Policy, that covered the Building or its contents at any time during the Relevant Period, stating for each the insurer, policy number, policy period, and producing agent or broker, and whether the policy was cancelled or non-renewed and, if so, by whom and why; and identify each application for property insurance on the Building that was declined.

**ANSWER:**

**INTERROGATORY NO. 9:**

Identify each claim, application, or demand made during the Relevant Period for payment on account of physical damage to the Building or its contents—including claims under any insurance policy, applications to the Federal Emergency Management Agency, the Small Business Administration, or any other governmental or private program, and any claim arising from Hurricanes Irma or Maria—and state for each the date of loss, the Person to whom it was made, the damage claimed, the amount paid, and whether, when, and by whom the damage for which payment was made was repaired.

**ANSWER:**

**INTERROGATORY NO. 10:**

Identify each inspection, maintenance activity, repair, or replacement of the Building's roof, roof membrane, roof framing, rooftop equipment, or suspended ceiling performed during the Relevant Period and before September 17, 2022, stating for each the date, the work performed, the person who performed it, and its cost.

**ANSWER:**

**INTERROGATORY NO. 11:**

Identify each occasion before September 17, 2022 on which You observed, were told of, or complained of any roof leak, water intrusion, rot, decay, sagging, vegetation growing on the roof or walls, or other deterioration of the Building's roof or roof framing, and state for each the date, the condition observed or reported, the persons involved, and any action taken in response.

**ANSWER:**

**<u>INTERROGATORY NO. 12:</u>**

State when, how, and by whom the Loss and the Alleged Collapse were first discovered, and state each reason the Loss was not reported to RoyalStar, the Agent, or the Broker before January 6, 2023, including the dates on which each of Your officers, directors, and shareholders was absent from St. Thomas between September 17, 2022 and January 6, 2023.

**ANSWER:**

**<u>INTERROGATORY NO. 13:</u>**

Identify each person who entered the Building, or went onto its roof, between September 1, 2022 and October 4, 2023, and state the date(s) and purpose of each entry.

**ANSWER:**

**<u>INTERROGATORY NO. 14:</u>**

Describe each step taken after September 17, 2022 to protect the Building or its contents from further damage—including temporary roof repairs, tarping, water extraction, drying, and the removal or securing of contents—and state for each the date, the person who performed it, and its cost.

**ANSWER:**

**<u>INTERROGATORY NO. 15:</u>**

Identify each repair, demolition, removal, alteration, or other change made to the Building or its contents after September 17, 2022, including any work performed after Your counsel's April 2, 2025 notice of intent to repair, and state for each the date, the work performed, the person who performed it, its cost, and the present location or disposition of any material or property removed.

**ANSWER:**

**INTERROGATORY NO. 16:**

For each item of Contents, state its owner on September 17, 2022, the date it was acquired, the price paid for it, and its location in the Building on September 17, 2022, and identify any business that used the item.

**ANSWER:**

**INTERROGATORY NO. 17:**

Identify each Person, other than You, that has held or claimed any ownership, leasehold, mortgage, lien, security, or other interest in the Property at any time since September 17, 2022, and identify each conveyance, transfer, or encumbrance of the Property since February 13, 2023.

**ANSWER:**

**INTERROGATORY NO. 18:**

Identify each Person, other than You and Your counsel of record in this action, that holds or has held any interest in the Claim, this action, or the proceeds of either—whether by assignment, assignment of benefits, direction to pay, lien, security interest, or agreement for compensation contingent on recovery (including with any public adjuster, contractor, consultant, or litigation funder)—and identify the agreement creating each such interest.

**ANSWER:**

**INTERROGATORY NO. 19:**

Identify each person, other than Your counsel, whom You or anyone acting on Your behalf retained or consulted to inspect the Building, determine the cause of the Loss, estimate the cost of repair, or value or adjust the Claim—including Francisco Nadal, P.E., Roy Young and Anchor Claims LLC, and E Reverands Labour Construction, LLC—and state for each who retained that person, the date of retention, the terms of compensation, and the date of each inspection of the Building.

**ANSWER:**

**INTERROGATORY NO. 20:**

State the amount of each element of damages You claim in this action, explain how each amount was computed, identify the Documents on which each computation is based, and explain the difference between the $404,607.00 replacement cost value stated in Your Rule 26(a)(1) disclosures and the amounts claimed in paragraph 25 of the Second Amended Complaint.

**ANSWER:**

**VERIFICATION**

I declare, pursuant to 28 U.S.C. § 1746 and under penalty of perjury under the laws of the United States of America that the foregoing responses are true and correct.

Executed on: December ___, 2026 ______________________________

[Title]

IN THE DISTRICT COURT OF THE VIRGIN ISLANDS

DIVISION OF ST. THOMAS AND ST. JOHN

| | |
|---|---|
| UNITED PROPERTY, INC.,<br>PLAINTIFF,<br>VS.<br>ROYALSTAR ASSURANCE LTD.,<br>DEFENDANT. | CASE NO. 3:26-CV-19 |

**DEFENDANT ROYALSTAR ASSURANCE LTD.'S FIRST REQUESTS FOR PRODUCTION OF DOCUMENTS TO PLAINTIFF UNITED PROPERTY, INC.**

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure and LRCi 34.1, Defendant RoyalStar Assurance Ltd. ("RoyalStar") requests that Plaintiff United Property, Inc. serve a written response to each of the following Requests and produce the Documents and things requested within thirty (30) days after service, at the offices of Andrew C. Simpson, P.C., 2191 Church Street, Suite 5, Christiansted, VI 00820, or by electronic delivery to the undersigned.

**DEFINITIONS**

1. **"Plaintiff," "You," and "Your"** mean United Property, Inc. and each of its present and former officers, directors, shareholders, employees, agents, and representatives, and every other person acting or purporting to act on its behalf, including Zahi Zuhdi Salem (identified in Plaintiff's Rule 26(a)(1) disclosures as "Salem Zhudi").

2. **"RoyalStar"** means Defendant RoyalStar Assurance Ltd.

3. **"Policy"** means Commercial Property Insurance Policy No. C/44/FI/22/0177 issued by RoyalStar to United Property, Inc. for the period August 31, 2022 to August 30, 2023, including its declarations, schedules, forms, and endorsements.

4. **"Property"** means the real property located at 25 Dronningens Gade/Main Street, St. Thomas, U.S. Virgin Islands 00802. **"Building"** means the building on the Property, including its roof, roof membrane, roof framing, rooftop equipment, and suspended ceiling, and every portion of the building however designated.

5. **"Fiona"** means the storm system named Fiona that passed near St. Thomas on or about September 17–18, 2022.

6. **"Loss"** means all loss of or damage to the Building or its contents for which You seek recovery in this action, including the loss and damage alleged in paragraphs 10 through 25 of the Second Amended Complaint [ECF 14].

7. **"Alleged Collapse"** means the "collapse," "abrupt collapse," and "collapse of the roof system" alleged in paragraphs 10, 11, 19, 21, and 24 of the Second Amended Complaint.

8. **"Claim"** means the claim You submitted under the Policy for the Loss, beginning with the property loss notice dated January 6, 2023, together with every supplement or amendment to it.

9. **"Contents"** means all personal property for which You seek recovery in this action, including the property valued at $132,964.85 (actual cash value) in paragraphs 22 and 25 of the Second Amended Complaint.

10. **"Insurance Application Documents"** means each document prepared by you or on your behalf that was submitted to or prepared for RoyalStar, the Broker, or the Agent in connection with procuring the Policy.

11. **"Broker"** means Caribbean Risk Group, LLC, and **"Agent"** means Great Lakes Insurance (VI), each including its owners, employees, and representatives.

12. **"Person"** means any natural person, corporation, limited liability company, partnership, association, governmental entity or agency, or other entity.

13. **"Document"** has the full meaning given in Fed. R. Civ. P. 34(a)(1)(A) and includes electronically stored information, e-mail, text messages, messages sent through WhatsApp or any other messaging application, social-media messages and posts, photographs, video recordings, and all drafts and non-identical copies.

14. **"Communication"** means any transmission of information by any means, whether oral, written, or electronic, and includes every Document that records or reflects a Communication.

15. **"Relating to"** means concerning, referring to, describing, evidencing, constituting, or reflecting.

16. **"Relevant Period"** means January 1, 2016 through the date of Your response.

17. **"Interrogatories"** means RoyalStar's First Set of Interrogatories to Plaintiff, served with these Requests.

## INSTRUCTIONS

1. Produce every responsive Document in Your possession, custody, or control, including Documents held by Your attorneys, agents, adjusters, contractors, engineers, consultants, and estimators (including Francisco Nadal, P.E., Roy Young and Anchor Claims LLC, and E Reverands Labour Construction, LLC), and by any other Person from whom You have the legal right or practical ability to obtain them.

2. For each Request, state either that production will be permitted as requested or the specific grounds for any objection, and state whether any responsive materials are being withheld on the basis of that objection, as required by Fed. R. Civ. P. 34(b)(2)(B)–(C). An objection to part of a Request must specify the part, and You must produce the rest.

3. Produce Documents as they are kept in the usual course of business, or organize and label them to correspond to the categories in these Requests, as required by Fed. R. Civ. P. 34(b)(2)(E)(i). Bates-number each page or native file produced.

4. Produce electronically stored information in accordance with the parties' agreed ESI protocol, in text-searchable PDF, except as follows, which RoyalStar specifies under Fed. R. Civ. P. 34(b)(1)(C): (a) produce photographs and video recordings in their native format with all original metadata intact, including the date and time of capture, the capturing device, and any location data; (b) produce text messages and messages sent through WhatsApp or any other messaging application in a form that shows, for each message, its date, time, sender, and recipients; and (c) produce spreadsheets and estimating files (including Xactimate .esx files) in native format. RoyalStar reserves the right to request any other Document in native format.

5. If You withhold any Document or portion of a Document on a claim of privilege or work-product protection, describe the nature of the Documents withheld in the manner required by Fed. R. Civ. P. 26(b)(5)(A).

6. If any responsive Document has been lost, discarded, destroyed, or is otherwise unavailable, describe it, state the date and circumstances of its loss or destruction, and identify each person with knowledge of those circumstances.

7. Unless a Request states otherwise, it covers the Relevant Period.

8. The singular includes the plural and vice versa; "and" and "or" are to be read both conjunctively and disjunctively; "any," "each," and "all" each mean "any, each, and all"; and the use of any tense of a verb includes all other tenses.

9. A Document responsive to more than one Request need be produced only once.

10. These Requests are served in an electronic format, as LRCi 34.1 requires. Insert each response immediately following the Request to which it responds.

11. These Requests are continuing. You must supplement or correct Your responses and production as required by Fed. R. Civ. P. 26(e).

## REQUESTS FOR PRODUCTION

### A. Corporate Records, Title, and Licensing

**REQUEST FOR PRODUCTION NO. 1:**

Your articles of incorporation, bylaws, and stock ledger or shareholder register, and all minutes, resolutions, and written consents of Your shareholders or directors relating to the Property, the Policy, the Claim, Your dissolution, or the winding up of Your affairs.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 2:**

All annual reports and franchise tax filings You submitted to the Office of the Lieutenant Governor during the Relevant Period, and all Documents relating to Your administrative dissolution on February 13, 2023 and any effort to reinstate You.

**RESPONSE:**

**<u>REQUEST FOR PRODUCTION NO. 3:</u>**

The deed or other instrument by which You acquired the Property, the closing or settlement statement for that acquisition, and all Documents relating to any conveyance, transfer, distribution, mortgage, lien, or other encumbrance of the Property since September 17, 2022.

**RESPONSE:**

**<u>REQUEST FOR PRODUCTION NO. 4:</u>**

All loan agreements, notes, mortgages, and other Documents relating to any loan secured by the Property during the Relevant Period, including Documents setting out any insurance, maintenance, or occupancy requirement and any inspection report prepared for a lender.

**RESPONSE:**

**<u>REQUEST FOR PRODUCTION NO. 5:</u>**

All business licenses issued for any business conducted at the Building during the Relevant Period, and all applications for and renewals of those licenses.

**RESPONSE:**

**B. Occupancy and Use of the Building**

**REQUEST FOR PRODUCTION NO. 6:**

All leases, subleases, licenses, and other agreements for the use or occupancy of any part of the Building during the Relevant Period, with all amendments, renewals, extensions, notices of default, and terminations, and all rent rolls.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 7:**

Documents sufficient to show all rent or other income You received from the Property during the Relevant Period, including ledgers and deposit records and the portions of Your federal and Virgin Islands income tax returns that report income from the Property.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 8:**

For any business You conducted at the Building during the Relevant Period: all gross receipts tax returns filed with the Virgin Islands Bureau of Internal Revenue, and Documents sufficient to show monthly sales and the number of persons employed at the Building.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 9:**

All statements, account histories, and other records of electric, water, telephone, and internet service at the Building during the Relevant Period, including records of the Virgin Islands Water and Power Authority.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 10:**

All contracts, invoices, activity logs, and reports of any security, alarm, or monitoring service for the Building, and all video of the Building recorded from September 1, 2022 to the present including security or surveillance video.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 11:**

All listing agreements, advertisements, marketing materials, and Communications with real estate brokers, prospective tenants, or prospective purchasers relating to the leasing or sale of all or part of the Building, and all offers, letters of intent, and proposed leases made or received.

**RESPONSE:**

**<u>REQUEST FOR PRODUCTION NO. 12:</u>**

All websites, social-media posts, and online business listings relating to any business conducted at the Building during the Relevant Period, including any announcement of the business's opening, closing, relocation, or reopening.

**RESPONSE:**

**C. Procurement of the Policy and Other Insurance**

**<u>REQUEST FOR PRODUCTION NO. 13:</u>**

All Documents relating to the procurement of the Policy, including every version and draft of the Insurance Application Documents, and all quotations, binders, invoices, premium payment records, and Communications with the Broker, the Agent, or RoyalStar.

**RESPONSE:**

**<u>REQUEST FOR PRODUCTION NO. 14:</u>**

All Documents relating to Endorsement No. 01 to the Policy, effective September 7, 2022, including all Communications requesting or arranging it and all Documents describing the "Fixtures / Jewellery casings" it covered.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 15:**

For every policy of property insurance, other than the Policy, that covered the Building or its contents during the Relevant Period: the policy, declarations, applications, inspection or survey reports, and any notice of cancellation or non-renewal; and every declination of an application for property insurance on the Building.

**RESPONSE:**

**D. Prior Claims and Other Recoveries**

**REQUEST FOR PRODUCTION NO. 16:**

All Documents relating to any claim, application, or demand made during the Relevant Period for payment on account of physical damage to the Building or its contents, including claims arising from Hurricanes Irma and Maria and applications to the Federal Emergency Management Agency or the Small Business Administration, including proofs of loss, estimates, adjuster and engineering reports, photographs, correspondence, records of payment, and Documents showing whether and how the damage was repaired.

**RESPONSE:**

**E. Condition and Maintenance of the Building Before the Loss**

**REQUEST FOR PRODUCTION NO. 17:**

All Documents relating to the inspection, maintenance, repair, or replacement of the Building's roof, roof membrane, roof framing, rooftop equipment, or suspended ceiling during the Relevant Period, including contracts, proposals, bids, invoices, receipts, permits, and warranties.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 18:**

All Communications before September 17, 2022 relating to any roof leak, water intrusion, rot, decay, sagging, vegetation growing on the roof or walls, or other deterioration of the Building's roof or roof framing.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 19:**

All photographs and video recordings of the Building (exterior, roof, or interior) taken during the Relevant Period and before September 17, 2022.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 20:**

All appraisals, valuations, broker opinions of value, property condition reports, and engineering or architectural reports relating to the Building, and all real property tax assessments of the Property and any appeal of them, during the Relevant Period.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 21:**

All Documents relating to any preparation of the Building for the 2022 hurricane season or for Fiona.

**RESPONSE:**

**F. The Loss, Its Discovery, and Notice**

**REQUEST FOR PRODUCTION NO. 22:**

All photographs and video recordings of the Building or its contents taken from September 17, 2022 to the present, by any Person, including Francisco Nadal, P.E., Roy Young, Anchor Claims LLC, and E Reverands Labour Construction, LLC.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 23:**

All Communications between September 17, 2022 and January 6, 2023 relating to the condition of the Building or any damage to it.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 24:**

All Communications with any Person other than Your counsel relating to the Alleged Collapse, including when it occurred.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 25:**

Documents sufficient to show the dates on which each of Your officers, directors, and shareholders departed from and returned to St. Thomas between September 17, 2022 and January 6, 2023.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 26:**

All Communications with RoyalStar, Sedgwick Claims Management Services, Inc., the Agent, or the Broker relating to the Loss or the Claim.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 27:**

All notes, logs, diaries, calendars, and files You maintained relating to the Loss or the Claim.

**RESPONSE:**

**G. Events After the Loss**

**REQUEST FOR PRODUCTION NO. 28:**

All Documents relating to any step taken after September 17, 2022 to protect the Building or its contents from further damage, including contracts, invoices, receipts, and photographs.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 29:**

All Documents relating to any repair, demolition, removal, alteration, or other change made to the Building or its contents after September 17, 2022, including any work performed or contemplated after Your counsel's April 2, 2025 notice of intent to repair, and including contracts, bids, estimates, invoices, permits, payment records, and Documents showing the disposition of any material or property removed.

**RESPONSE:**

**<u>REQUEST FOR PRODUCTION NO. 30:</u>**

All notices, orders, citations, permits, inspection reports, and Communications from or with any governmental agency relating to the condition, safety, or occupancy of the Building since September 17, 2022, including any unsafe-structure or condemnation notice.

**RESPONSE:**

**<u>REQUEST FOR PRODUCTION NO. 31:</u>**

Produce for inspection, at a mutually convenient time and place, all tangible things removed from the Building after September 17, 2022 that remain in Your possession, custody, or control, including any roof framing, timber, brick, roof membrane, and suspended-ceiling or lighting components.

**RESPONSE:**

**H. Inspections, Reports, and Estimates**

**REQUEST FOR PRODUCTION NO. 32:**

The complete file of Francisco Nadal, P.E. relating to the Building, the Loss, or the Claim, including his engagement agreement, invoices, and records of payment; his field notes, measurements, and sketches; all photographs and video recordings he took (in native format); all drafts of his February 17, 2023 report; all Documents provided to him; and all Communications between him and You or anyone acting on Your behalf.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 33:**

The complete file of Roy Young and Anchor Claims LLC relating to the Building, the Loss, or the Claim, including the July 2026 Damage Assessment; the engagement agreement and all Documents showing the terms of compensation; field notes; all photographs and video recordings (in native format); all estimating files (in native format, including Xactimate .esx files); all Documents provided to them; and all Communications between them and You or anyone acting on Your behalf.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 34:**

All Documents relating to the hurricane damage estimate prepared by E Reverands Labour Construction, LLC, including the estimate, the engagement, any inspection of the Building, and all Communications with that company.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 35:**

All other estimates, bids, proposals, reports, and evaluations relating to the cause, scope, or cost of repair of the Loss.

**RESPONSE:**

**I. Damages and Interests in the Claim**

**REQUEST FOR PRODUCTION NO. 36:**

All Documents supporting, refuting, or relating to each element of damages You claim in this action, including the $404,607.00 replacement cost value stated in Your Rule 26(a)(1) disclosures and the amounts claimed in paragraph 25 of the Second Amended Complaint.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 37:**

For each item of Contents, all Documents relating to its ownership, acquisition, cost, depreciation, and condition, including invoices, receipts, inventories, depreciation schedules, and photographs.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 38:**

All Documents relating to any payment or other benefit received from any source on account of the Loss.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 39:**

All assignments, assignments of benefits, directions to pay, liens, security agreements, and agreements providing for compensation contingent on recovery (including with any public adjuster, contractor, consultant, or litigation funder) relating to the Claim, this action, or the proceeds of either, other than Your fee agreement with Your counsel of record in this action.

**RESPONSE:**

**J. Other**

**REQUEST FOR PRODUCTION NO. 40:**

All written or recorded statements of any Person relating to the Loss, the condition of the Building, or the Claim.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 41:**

All Documents identified, referred to, or relied upon in answering the Interrogatories.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 42:**

All Documents described in Your Rule 26(a)(1) disclosures that You have not already produced.

**RESPONSE:**

Respectfully submitted,

ANDREW C. SIMPSON, P.C.,
Counsel for RoyalStar Assurance Ltd.

Dated: November 9, 2026

/s/ Andrew C. Simpson

By: Andrew C. Simpson, Esq.
VI Bar No. 451
ANDREW C. SIMPSON, P.C.
2191 Church Street, Suite 5
Christiansted, VI 00820
Tel: 340.719.3900
asimpson@coralbrief.com