**IN THE DISTRICT COURT OF THE VIRGIN ISLANDS**
**DIVISION OF ST. THOMAS AND ST. JOHN**

| | | |
|---|---|---|
| **UNITED PROPERTY, INC.,** | ) | |
| **Plaintiff,** | ) | **CASE NO. 3:26-cv-00019** |
| **v.** | ) | |
| | ) | |
| **ROYALSTAR ASSURANCE, LTD.,** | ) | |
| **Defendant.** | ) | |

# ORDER

Before the Court is Atty. Javier Delgado's ("Atty. Delgado") motion [ECF 26] for leave to withdraw as counsel and to extend upcoming deadlines. Specifically, Atty. Delgado seeks leave to withdraw his representation of Plaintiff United Property, Inc. ("Plaintiff"). [ECF 26] at 1. In doing so, counsel requests that the Court provide Plaintiff with 30 days from the date of its order to retain substitute counsel and have same file his or her appearance. *Id*. at 6, 9. Counsel further requests a 30-day extension of those upcoming litigation deadlines that will expire during the period provided for substitution. *Id*. at 1–3, 6. Finally, counsel avers that Defendant RoyalStar Assurance Ltd. ("Defendant") does not oppose the relief sought in counsel's motion. *Id*. at 10. For the reasons to follow, the Court shall permit Atty. Delgado to withdraw as counsel for Plaintiff.

This Court's local rules provide the procedures and grounds that are applicable to attorneys who seek to withdraw as counsel for a party. Pursuant to LRCi 5.2(b),

> [n]o attorney may withdraw an appearance except (1) with leave of Court after notice to the attorney's client, or (2) as part of a formal substitution of new counsel for the withdrawing attorney. All motions for withdrawal as counsel shall include a verified statement as to contact with or attempts to contact the client concerning such withdrawal and proof of service upon, or an indication of efforts to serve, the client with the moving papers.

Subpart (b)(2) of the rule addresses withdrawal of representation of an entity *defendant*, while subpart (b)(3) sets forth the factors to be considered by the Court when considering whether to

allow an attorney to withdraw and leave an entity—defendant or otherwise—without counsel. In this instance, Atty. Delgado seeks to withdraw his representation of an entity plaintiff. Thus, LRCi 5.2(b)(2) does not govern. With that being said, the Court finds the requirements of this subpart to be instructive where entity *plaintiffs* are involved. Thus, the Court shall consider this subpart as well. Turning first to subpart (b)(2), it provides that

> [w]ithdrawal from representation of an entity defendant shall not be permitted absent substitute counsel making an appearance on the party's behalf or leave of Court. A motion seeking leave of Court to withdraw shall:
>
> (i) identify a current representative of the entity who has the authority to act for the entity;
>
> (ii) describe how that representative has been involved in communications relating to the litigation during the history of the litigation;
>
> (iii) indicate whether the entity continues to do business;
>
> (iv) state whether the entity has terminated counsel or whether it is counsel's decision to withdraw; and
>
> (v) provide such other information as may be relevant to assist in the Court's decision to allow counsel to withdraw.
>
> The information required in 5.2(b)(2) may be submitted *in camera* to the extent necessary to protect attorney-client confidences or to avoid prejudicing the client's position in the litigation.

LRCi 5.2(b)(2). Subpart (b)(3), in turn, provides the following factors that may be considered by the Court:

> In considering whether to allow an attorney to withdraw and leave an entity without counsel, the Court may consider:
>
> (i) the conduct of both the client and counsel that led to the motion to withdraw;
>
> (ii) whether such conduct is in good faith or for other purposes, such as delay;

> (iii) the effect of the withdrawal upon the administration of justice and the other parties to the litigation;
>
> (iv) whether counsel's ethical obligations preclude continued representation; and
>
> (v) any other relevant factor.
>
> If the Court allows counsel to withdraw without a substitute, the Court will take appropriate measures to ensure that the entity is aware that the failure to retain substitute counsel within a time certain could result in the striking of its pleadings, the entry of default and/or entry of an adverse judgment against the entity.

LRCi 5.2(b)(3).

In the present motion, Atty. Delgado identifies Salem Zhudi as the individual who Plaintiff designated as its representative on the matters at issue in the lawsuit. [ECF 26] at 1–2; [ECF 26–4] ¶ 4. In doing so, counsel has described the nature of his communications with this representative and another representative of Plaintiff (Rushdi Zhudi), including communications that predate the present lawsuit.[1] [ECF 26] at 1–3; [ECF 26–4] ¶¶ 2–3. Counsel has further advised that Plaintiff is no longer conducting business, having been administratively dissolved on February 13, 2023. [ECF 26] at 3. Finally, counsel has provided his reasons as to why he seeks to withdraw as counsel. Such reasons include Plaintiff's alleged repeated failures to cooperate with counsel and provide material information and documents when requested, thus impairing counsel's ability to effectively prosecute the lawsuit. [ECF 26] at 2–3, 6; [ECF 26–4] ¶¶ 3–4. Of the information that has been provided, however, counsel claims that it has actually created a conflict of interest wherein counsel is prevented from further representing Plaintiff. [ECF 26] at 2, 6. Finally, counsel maintains that

[1] A third individual—Adlie Zhudi—has also been identified as a representative of Plaintiff for whom Atty. Delgado has provided notice of the present motion. *See* [ECF 26] at 4.

he is precluded from further representation as same would be repugnant, with counsel reportedly having a "fundamental disagreement" with Plaintiff.[2] [ECF 26] at 2.

The purported noncooperation has further been documented by counsel. In a letter dated September 15, 2026, counsel warned Plaintiff that should it continue to not cooperate that this would result in counsel's withdrawal. [ECF 26] at 2. Despite this warning—as well as other communications had with Plaintiff—the material deficiencies allegedly persisted. *Id*. The outstanding requests made by counsel are described as concerning "information, records, and participation necessary to establish the client's corporate status and authority, legal ownership of insured property, and to substantiate, and prosecute its claims." *Id*. Given these assertions, the Court finds it to be Plaintiff's conduct, as opposed to counsel's, which has led to the present motion. The Court further finds this conduct to be in bad faith, as Plaintiff—who is the party that has initiated the lawsuit—is under a duty to actively litigate same. As for the impact the withdrawal might have on the parties and/or the Court, this will be minimal. This is because the trial management order was only recently entered, with fact discovery not expiring until March 5, 2027. *See* [ECF 20] ¶ 4. Trial, in turn, is still more than a year away, with same being set for January 10, 2028. *Id*. ¶ 8. As for those deadlines that would be impacted—namely the November 30, 2026 deadline to amend pleadings/add parties and the deadline for Plaintiff to respond to those written discovery requests currently pending—adjustments in said deadlines can be made with no ill effect as to any of the other litigation deadlines. Lastly, the Court is satisfied with counsel's contention

---

[2] Atty. Delgado has offered to provide additional information *in camera* in support of his motion to withdraw should the Court so require. [ECF 26] at 6. Given counsel's averment of noncooperation as it relates to information and/or materials necessary to pursue the claims of the lawsuit, the Court finds this sufficient to warrant withdrawal and thus, the Court need not have additional information provided *in camera*, including not needing an unredacted copy of the October 28, 2026 letter. *See* [ECF 26–3].

that he is ethically precluded from continuing his representation of Plaintiff. As the lawsuit is still in its early stages, the Court need not delve any further and shall permit Atty. Delgado to withdraw.[3]

The Court does not believe, however, that a stay is warranted. *See* [ECF 26] at 8–9. Again, Plaintiff has chosen to initiate the lawsuit and thus, it is upon Plaintiff to actively pursue same. The Court shall grant Plaintiff until Monday, December 21, 2026—which amounts to 33 days from the date of the present order—to retain substitute counsel and have same file a notice of appearance with the Court.[4] Substitute counsel is a must, as a corporate entity is not allowed to represent itself in a lawsuit and must be represented by an attorney. *See Oriental Bank v. Butina*, 2022 WL 523021, n. 2 (D.V.I. Feb. 22, 2022) (citing *Simbraw, Inc. v. United States*, 367 F.2d 373, 374 (3d Cir. 1966); *see also Beyond Cushions Corp. v. TJX Companies, Inc.*, 2019 WL 6271621, at *1 (D.N.J. Nov. 25, 2019). Finally, Plaintiff is cautioned that should it fail to have substitute counsel file a notice of appearance on Plaintiff's behalf within the deadline set forth herein, such failure may result in the Court issuing sanctions, striking Plaintiff's pleadings, dismissing the lawsuit, and/or summarily closing the case without further notice to Plaintiff.

The premises considered, it is hereby

**ORDERED** that the motion [ECF 26] to withdraw as counsel submitted by Atty. Javier Delgado is **GRANTED** as set forth herein, with Atty. Delgado and the law firm Merlin Law Group, PLLC being **RELIEVED** and **TERMINATED** as counsel of record for Plaintiff United Property, Inc.; it is further

---

[3] Atty. Delgado has satisfied the requirements of LRCi. 5.2(b), in that he has included a verified statement as to his attempts to contact Plaintiff concerning counsel's intent to withdraw and has provided proof of service upon and/or indications of efforts to serve such notice upon Plaintiff. *See* [ECF 26–2], [ECF 26–3], and [ECF 26–4].

[4] Plaintiff has been on notice since on or about October 28, 2026 of the need to retain substitute counsel. *See* [ECF 26–2].

**ORDERED** that Atty. Javier Delgado **SHALL FORWARD** a copy of this order to Plaintiff and its designated representatives via certified mail, return receipt requested, as well as via email, at all addresses known to Atty. Javier Delgado; it is further

**ORDERED** that Plaintiff United Property, Inc. **SHALL HAVE** up to and including **December 21, 2026** to have **SUBSTITUTE COUNSEL** file a notice of appearance with the Court. Failure to abide by this deadline may result in the Court striking Plaintiff United Property, Inc.'s pleadings, dismissing its lawsuit, closing the case, and/or entering other sanctions against Plaintiff United Property, Inc.; it is further

**ORDERED** that the deadline to seek leave to amend pleadings or add new parties is **EXTENDED** to **January 20, 2027**; it is further

**ORDERED** that the deadline for Plaintiff to answer and/or respond to the interrogatory and production requests that were propounded upon it on or about November 9, 2026 is **EXTENDED** to **January 20, 2027**. To the extent any additional written discovery is propounded upon Plaintiff prior to December 21, 2026, Plaintiff shall have up to and including January 20, 2027 to respond to this additional discovery as well; and it is further

**ORDERED** that the Clerk of Court **SHALL SERVE** a copy of this Order on Plaintiff and on each of the individuals who have been identified as representatives of Plaintiff, via certified mail, return receipt requested, to the mailing addresses below,[5] as well as via email to the following email addresses identified below:

---

[5] The Court obtained the mailing addresses listed in its order from Atty. Delgado's present motion. *See* [ECF 26] at 4. Further, a review of the website for the Virgin Islands Office of Lieutenant Governor, Division of Corporations and Trademarks (www.corporationsandtrademarks.vi.gov)—of which this Court can take judicial notice—revealed no mailing address(es) for Plaintiff.

**Mailing addresses:**

**United Property, Inc.**
P.O. Box 9068
St. Thomas, VI 00801

**Salem Zhudi**
11450 Marbella Palms Ct.
Orlando, FL 32836-6234

**Salem Zhudi**
3219 Estate Altona, Ste. 1
St. Thomas, VI 00802

**Rushdi Zuhdi**
8014 Palm Lake Dr.
Orlando, FL 32819-3904

**Adlie Zhudi**
10450 Turkey Lake Rd., Unit 690066
Orlando, FL 32869-7504

**Email addresses:**

ship1937@gmail.com

furnituregiant1976@gmail.com

saedasalem15@gmail.com

zahisalem2020@gmail.com

ENTER:

Dated: November 18, 2026

*/s/ G. Alan Teague*
G. ALAN TEAGUE
U.S. MAGISTRATE JUDGE